STEPHEN STEVENS *vs.* POLLY ANN STEVENS

SAME *vs.* SAME.

Pendency of a libel, under the Rev. Sts. *c.* 76, § 6, for a divorce from bed and board for desertion, cannot be well pleaded in abatement of a libel for a divorce from the bond of matrimony for desertion, under the statute of 1838, *c.* 126.

Where a husband voluntarily discontinues a libel against his wife for a divorce, she is entitled to a judgment and execution against him for costs.

LIBELS for divorce. The first was filed on the 8th of May 1838, and prayed for a divorce from bed and board, alleging an utter desertion by the respondent. While that libel was pending, to wit, in December, 1839, the second was presented in the county of Suffolk, and an order of notice thereon was passed, returnable at the May term 1840, in this county. This libel prayed for a divorce from the bond of matrimony for the wilful and utter desertion of the respondent for five consecutive years without the consent of the libellant. The respondent, at said May term, pleaded the pendency of the first libel in abatement of the second, and the libellant demurred to the plea. He afterwards discontinued his first libel, and the respondent thereupon moved for costs.

*Barnard* and *Sumner*, for the libellant.

*Rockwell*, for the respondent.

SHAW, C. J. Here is a formal plea in abatement to a libel for divorce *a vinculo* for desertion, filed during the pendency of a former libel for a divorce *a mensa* for the same cause. Whether a formal plea in abatement is proper or not, when the proceeding is by libel, we have not stopped to consider. It is a rule of justice, applicable to all legal proceedings, that no one shall be twice vexed for the same cause. The question then is, whether it is for the same cause.

By a statute, which took effect after the filing of the first libel, and before the second, a party might obtain a divorce from the bond of matrimony for desertion ; whereas, as the law stood before, he could only obtain a divorce *a mensa* for that cause. Here then was a new, distinct, substantive right,

not before existing. This was the right sought to be obtained by the second libel, and could not be obtained by the first. Had the first been amended so as to alter the prayer for judgment, still it would appear that at the time of filing the libel, to which the judgment must refer, no such right existed. The reason why a second suit cannot be commenced for the same cause, pending a former, is, that it is unnecessary, inasmuch as the party prosecuting may have the same remedy, under the first, as he could obtain by prosecuting another. In applying this test, it is apparent, that he could not obtain a decree for the same right under the first, which he seeks in this ; that is, a divorce *a vinculo.* The facts are the same, and the parties are the same ; but the right and the object of the prosecution are wholly distinct. The court are therefore of opinion that the plea cannot prevail.

In the former suit, the libellant having voluntarily discontinued, the respondent, the wife, moves for costs. We take it for granted, that, as a general rule, the court have authority to give costs to the prevailing party. But the ground taken is, that a judgment in favor of the wife may be defeated by the husband. But we think this would be extending the common law rule of the identity of interest of husband and wife beyond the reasons on which it is founded. In general, husband and wife cannot be adversary parties, in a suit at common law. But when the law allows a suit for divorce, by husband against wife, or the reverse, without the intervention of any next friend, the necessary consequences must be considered as following ; such as, that a wife may appear by attorney, and adopt, *suo jure,* all measures incident to the prosecution or defence of such suit. And we think it follows, that when she is entitled to judgment for costs, she may have an execution, which cannot be defeated by the party against whom such judgment is rendered, and that any attempt to do sc would be an unwarrantable attempt to defeat and avoid legal pro cess.

*Judgment for costs*