[No. 2,525.]

## EDWARD B. WALSWORTH v. G. S. JOHNSON and C. A. SPAULDING.

Conflict in Evidence.—Where there is a substantial conflict in the evidence, the judgment will not be reversed on the ground that the evidence does not warrant it.

Credibility of Witness.—The question of the credibility of a witness is for the Court below, and not for the appellate Court, to determine.

Defense of another Action Pending.—The defense that there is another action pending between the same parties for the same cause must be pleaded, otherwise evidence cannot be introduced to support it.

Another Action pending for same Cause.—A defendant who interposes a defense of another action pending between the same parties for the same cause must support it by the record of an action in which he is also a defendant, and the present plaintiff is plaintiff. If the party who interposes such defense is a plaintiff in such other action, it is no defense, although for the same cause.

APPEAL from the District Court, Third Judicial District, Alameda County.

The facts are stated in the opinion of the Court.

*R. F. Ryan*, for Appellants.

*H. P. Irving*, for Respondent.

By the Court, WALLACE, J.:

The plaintiff brought this action against the defendants, under section two hundred and fifty-four of the Practice Act, to quiet his title to certain real property, of which he was in the admitted actual possession at the time.

The cause was tried by the Court without the intervention of a jury. Findings were filed, and judgment rendered for the plaintiff. From the judgment, and from an order denying their motion for a new trial, the defendants appealed.

The points relied upon for reversal are only those errors which were assigned as grounds in support of the motion for a new trial in the Court below.

The first, second, third, fifth, and sixth of these grounds are, in substance, that the defendants were in the adverse possession of the premises from 1853 until 1867 (at which time the defendants claim that the plaintiff obtained possession *by* collusion with a tenant of theirs). We have carefully examined the record, and find a substantial conflict upon this point. For instance, the plaintiff, who was called as a witness by the defendants themselves, stated, on his cross-examination, as follows: "I bought in 1860–1861; I bought the whole plot, No. 20, from Mr. Jules Bangelli; Mr. Bangelli bought from Mr. Alstrun; I was put in entire possession of the whole property according to this plot, and this piece of land was considered a portion of it." The witness further stated that he was in possession in March,

1866, when he went on a visit to the East—"in the undoubted possession of the property"—which is near three acres in extent; that he had a fence around it, and used it as a pasture lot, etc. The credibility of this witness is not for us but was for the Court below to consider, and we cannot disturb the conclusions arrived at upon that matter.

The fourth ground is that the Court below excluded certain records offered by the defendants, by which it would have appeared that at the time of the commencement of this action there was already pending in the County Court of Alameda County another action, in which the defendants here and one Buchan were plaintiffs, and the plaintiffs here and one Gunter were defendants. A sufficient answer to this point is found in the fact that no such defense as that there is another action pending between the same parties, for the same cause, is pleaded. But if such a plea had been filed, the facts offered to be shown by the record from the County Court would not have supported the plea. The parties in these two suits are not the same. The plaintiff here is not the plaintiff in the County Court. The very foundation of such a defense is the maxim *"Nemo debet bis vexari,"* etc.; and manifestly this can have no application when the first suit is brought, not by, but against, the person who is the plaintiff in the second action.

I see no error in the record, and the judgment and order are affirmed.