WASHBURN & MOEN MANUF'G Co. and another *v.* H. B. SCUTT & Co., Limited.

(*Circuit Court, W. D. Pennsylvania.* December 31, 1884.)

1. PLEA OF PENDING SUIT—ACTION TO ENFORCE CONTRACT—ACTION TO RESCIND.
    A pending suit for the rescission of a contract cannot be pleaded in abatement, or bar of a subsequent suit in another court in enforcement thereof. The complainant in the second suit is not bound to file a cross-bill in the first suit, although he might thereby obtain the desired relief.

2. SAME—SUIT PENDING IN STATE COURT AS BAR TO ACTION IN FEDERAL COURT.
    The pendency of a prior suit in a state court is not a bar to a subsequent suit in a circuit court of the United States, although between the same parties and for the same cause of action.

3. PATENTS FOR INVENTIONS—LICENSE—FRAUDULENT PRACTICES OF LICENSOR—PAYMENT OF ROYALTIES—INJUNCTION.
    Where an application for a preliminary injunction, by a licensor against a licensee, in alleged default in payment of patent royalties, is met by affidavits charging the complainants with secret and extensive sales of the patented article below agreed rates for the government of both parties, in fraud of and to the prejudice of the licensee, and counter-affidavits charge similar misconduct upon the defendant, alleging that any under sales by the complainants were purely in self-defense; and which party commenced cutting schedule rates, is fairly disputable under the conflicting affidavits; and it appears that the complainants have already, to a large extent, lost control of the market by reason of unrestrained sales by infringers; *held,* that a preliminary injunction should be denied, but upon terms as to security, etc.

In Equity. *Sur* plea and motion for preliminary injunction.

*Wm. C. Goudy, L. L. Coburn,* and *D. F. Patterson,* for complainants.

*Bakewell & Kerr* and *D. T. Watson,* for defendant.

ACHESON, J. 1. The jurisdiction of the court of common pleas is contested on the ground that in the suit therein service was made on

a mere employe of the corporation, who, it would seem, is not an agent within the meaning of the state statute relating to service of judicial process upon corporations, (*Parke* v. *Commonwealth Ins. Co.* 44 Pa. St. 422;) but, should that court hold the service to be good, still the present plea could not prevail for several reasons. In the first place, Isaac L. Ellwood, a plaintiff here, —and properly so, as it seems to me,—is not a party to the suit in the common pleas. Again, the object of that suit is the rescission of the license contracts, whereas the purpose of this suit is the enforcement thereof. Clearly, the relief here sought is not attainable in the former suit. Perhaps a cross-bill might bring the whole controversy before the court of common pleas, but the complainants are not bound to take that course. *Sharon* v. *Hill*, 22 FED. REP. 28; Story, Eq. Pl. § 737; 1 Daniell, Ch. Pr. 657. Finally, it has been held that the pendency of a prior suit in a state court is not a bar to a suit in a circuit court of the United States, although between the same parties and for the same cause of action. *Stanton* v. *Embrey*, 93 U. S. 548; *Gordon* v. *Gilfoil*, 99 U. S. 168; *Sharon* v. *Hill, supra.* The plea must therefore be overruled, with leave to the defendant to answer within 30 days; and it is so ordered.

2. In disposing of the motion for a preliminary injunction, I deem it necessary to consider but one of the questions discussed by counsel. While it is certainly true that the written agreement of August 18, 1883, does materially distinguish this case from that of the *Washburn & Moen Manuf'g Co.* v. *Cincinnati Barbed-wire Fence Co. post,* 712, yet upon one point the ruling of Judge SAGE there is applicable here, and may be safely followed. He held that it was a fraud in the complainant to secretly undersell the schedule rates established by it for the government of itself and its licensees, and this was one of the grounds for his denial of a preliminary injunction. Now, the affidavit of James B. Oliver, the chairman of the defendant company, charges that, in fraud of the rights of the defendant as licensee, the complainants have secretly and extensively sold barbed fence wire at prices below the schedule rates, to the very great detriment of the defendant. This allegation is supported by the affidavits of several other persons, and there is evidence of specific instances of undersales by the complainants made after the execution of the agreement of August 18, 1883. The complainants, indeed, present counter-affidavits tending to show that the defendant company, immediately after accepting license, began to sell under the schedule rates, and has continued the practice ever since, and that the complainants did not sell at rates under the schedule until in the latter part of 1883, and then only in self-defense. The affidavits of the respective parties are conflicting, and which of them first commenced cutting rates after August 18, 1883, is fairly disputable under the present proofs.

While it may be that the complainants' violations of the contracts

(if established) may not close a court of equity to them, still, under the defendant's sworn allegations and the affidavits adduced in support of them, I think a preliminary injunction, at any rate, should be withheld, upon the terms, however, hereinafter stated. And I am the more inclined to this course because of the fact, clearly shown, that the complainants have, to a very large degree,—whether with or without their fault it is not necessary now to determine,—lost control of the market by reason of extensive sales of unlicensed wire by numerous infringing parties. A preliminary injunction here would not restore to the complainants the control of the market, and, it seems to me, the injury thereby occasioned the defendant would be much greater than any benefit likely to accrue therefrom to the complainants. If the case is pressed with the diligence the rules of the court admit of, a final hearing cannot be delayed many months. But the defendant must, henceforth, file in court the sworn monthly reports to which the complainants are entitled under the provisions of the contracts, and must give security, to be approved of by the court, for the payment of all royalties hereafter accruing under the licenses, and damages from future transactions, which may be herein adjudged by this court to the complainants. Such security is fixed at $20,000 for the present, with leave to the complainants hereinafter to move for its increase.