[No. 11778. In Bank. — January 5, 1888.]

## PRESENTACION BALLESTERO DE HALEY, RESPONDENT, *v.* SALISBURY HALEY, APPELLANT.

DIVORCE — DEFAMATORY STATEMENTS CONTAINED IN PLEADINGS — EXTREME CRUELTY — SUBSEQUENT ACTION PENDING PRIOR. — While an action for a divorce is pending and undetermined, one of the parties thereto cannot maintain a subsequent action for a divorce against the other, on the ground that the latter had been guilty of extreme cruelty, in that he had falsely and maliciously made certain alleged defamatory statements against the former in the pleadings and affidavits filed by him in the prior action.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*S. Haley*, in propria persona, and *David Lyon*, for Appellant.

*Hupp & Glowner*, for Respondent.

McKINSTRY, J.—The court below should have sustained the demurrer to the complaint.

The action is for divorce. The complaint avers the defendant was guilty of extreme cruelty, in that, in another action brought by her against him, he filed an affidavit containing statements of want of chastity on her part prior to their marriage; and in that, in an action brought by him against her, he filed a complaint charging that prior to the marriage of these parties she was pregnant by another man. The complaint herein avers that the statements of defendant, in the affidavit and complaint referred to were wholly false and malicious.

The complaint herein does not directly state the character of the two actions mentioned, or of the issues made by the pleadings in either. It may, however, be inferred from the allegations as a whole that both were actions

for divorce,—the one brought by the plaintiff, the other by the defendant herein.

The complaint does not show what was the particular motion, application, or proceeding in which the affidavit was filed, nor does it appear therefrom but the statements in the affidavit were relevant and material to the issue presented on the motion, application, or proceeding.

There is no averment that either the action brought by the plaintiff, in which the affidavit was filed, or the particular proceeding in such action in which the affidavit was filed, has terminated adversely to the present defendant, or terminated at all. And there is no averment that the action brought by the defendant herein against the present plaintiff has come to an end in any way.

1. While the action brought by the wife for a divorce was pending, and the proceeding in such action, in which the affidavit of the husband was filed, was undetermined, could the wife bring the present action, charging as an act of extreme cruelty the making by her husband of the statements contained in the affidavit?

2. While the action for divorce brought by the husband (defendant herein) against his wife (plaintiff herein) was still pending and undetermined, could the latter commence the present action, and rely, as ground for divorce, upon statements contained in the complaint of the husband showing fraud by the present plaintiff in the contracting of the marriage?

The averments of the complaint in the action brought by the present defendant against the plaintiff herein were proper in themselves, and if true, may be the basis of a decree for divorce. Whether true or not true may be the issue in that action. The present plaintiff cannot, by alleging that the averments of the defendant to the other suit are false and malicious, transfer to the present action the trial of the issue of their falsity. In the action brought by the defendant, it may be adjudicated that the

averments of his complaint are true.  The orderly administration of the law demands of us to hold that this action was, at least, commenced prematurely.  This appears on the face of the complaint, and the objection could properly be taken by general demurrer.

Suppose a divorce should be sought by a wife on the ground of desertion, and the husband should file "a cross-complaint" charging her with adultery; would it be contended that, while the suit was pending, she could commence and maintain another action for divorce upon the ground that the counter-charge was "false and malicious"?  To permit the trial by anticipation, in a new action, of an issue in an action already pending would lead to confusion, and perhaps to contradictory adjudications, since the evidence might not be the same at both trials.

True, in the present action the allegation is that the averments of the complaint in the action brought by the husband were not only false, but malicious.  In the action brought by the husband, the truth of the averments made by him could alone be in issue; if true, his malice in making them would be an immaterial circumstance.  But the averment in the present complaint includes the question of the falsity of the husband's allegations.  However much malice may have entered into the action of the defendant, the plaintiff could not recover in this action unless she proved his averments in the suit brought by him to be *false.*

The objection to the present complaint as to the averments of the defendant in the action brought by him applies also to the allegations of the present complaint with respect to the relevant and pertinent statements on the defendant's affidavit, filed in the action first commenced by her.

It may not be improper to remark that it is at least doubtful whether the codes provide for a cross-complaint in actions for divorce.

" Recrimination is a *showing* by the defendant of any cause of divorce against the plaintiff, *in bar of the plaintiff's cause of divorce.*" (Civ. Code, sec. 122.)

An action for divorce is not brought on the " contract " of marriage, but upon certain violations of duties or obligations annexed to the *status* of matrimony, which are enumerated in section 92 of the Civil Code, as causes for which a divorce may be granted. Recriminatory facts should be pleaded, but it would seem they are pleaded and proved as a defense simply and in bar of the plaintiff's cause. When, in bar of an action for divorce, the defendant pleads the commission by the plaintiff of any of the wrongs mentioned in section 92 of the Civil Code, and prays for a divorce, does he seek affirmative relief " relating to or depending upon the transaction upon which the action is brought " ? If not, section 442 of tho Code of Civil Procedure does not apply to actions for divorce.

Nor is there any general principle, independent of the code, which authorizes a cross-complaint in actions for divorce " to prevent multiplicity of suits." The statutes regulate the matter in other cases, and the law does not so especially favor actions for divorce as to make them exceptions to a rule otherwise uniform.

Judgment reversed and cause remanded, with direction to the court below to sustain the demurrer to the complaint.

Searls, C. J., Temple, J., Sharpstein, J., and Paterson, J., concurred.

Thornton, J., concurred in the judgment.

McFarland, J., dissenting. — I dissent. In my opinion, a false *and malicious* charge, of the character stated in the complaint, made by a husband against a wife, cannot be evaded on the ground that it was made in the shape of an affidavit in an action. I think, too, that it fairly appears that the litigation in which the affidavit occurred is ended.