[No. 13410. Department One. — May 29, 1891.]

JOSEPH H. BLAKELY, RESPONDENT, *v.* MARY BLAKELY, APPELLANT.

DIVORCE — CROSS-COMPLAINT — AFFIRMATIVE RELIEF TO DEFENDANT. — There may be a cross-complaint in an action for a divorce, upon which affirmative relief may be granted to the defendant upon a cause for divorce from the plaintiff.

ID. — COUNTER-CHARGE OF DESERTION — ERROR WITHOUT INJURY. — The refusal of the trial court to consider a cross-complaint in an action for a divorce, except by way of answer and defense, is error without injury, where the record does not contain the evidence, and the findings show that the cause of action alleged in the cross-complaint cannot be true.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Louis F. Dunand,* and *Henry Eickhoff,* for Appellant.

The statute sanctions the filing of a cross-complaint in an action for divorce. (*Wadsworth* v. *Wadsworth,* 81 Cal. 182; 15 Am. St. Rep. 38; *Mott* v. *Mott,* 82 Cal. 413; *Kirsch* v. *Kirsch,* 83 Cal. 633.) The record does not show affirmatively that no injury was done, but it does appear that error was committed, and injury must therefore be presumed. (Hayne on New Trial and Appeal, sec. 287, p. 853.)

*Thomas D. Riordan,* and *George B. Gillin,* for Respondent.

The ruling of the court in refusing to consider the cross-complaint, if error at all, is error without injury, and will be disregarded as without prejudice. (Gear's Digest, p. 59, subd. *c,* and cases cited.)

FITZGERALD, C.—This is an appeal upon the judgment roll from a judgment granting to plaintiff a divorce on the ground of desertion. The complaint alleges their intermarriage on the twenty-second day of September, 1887, and the willful desertion of plaintiff by defendant on the twenty-third day of September, 1887.

The allegation of desertion is denied by the answer, and the defendant, by her cross-complaint, seeks affirmative relief on the same ground, and fixes the date thereof on the twenty-fourth day of February, 1888. This is denied by the answer to the cross-complaint.

It appears from the record that the court below refused to consider the cross-complaint except by way of answer and defense, and declined to grant any affirmative relief based thereon, because no cross-complaint as such could be considered in an action for divorce. This ruling of the court, which was excepted to at the time, and is assigned for error, was clearly erroneous (*Wads-*

*worth* v. *Wadsworth,* 81 Cal. 182; 15 Am. St. Rep. 38; *Mo.'t* v. *Mott,* 82 Cal. 413; *Kirsch* v. *Kirsch,* 83 Cal. 633); and unless the record affirmatively shows that the defendant was not injured thereby, the judgment should be reversed. (*Spanagel* v. *Dellinger,* 38 Cal. 278; *Leonard* v. *Kingsley,* 50 Cal. 628.)

The court, in its decision, found "that on the *twenty-third day of September, 1887,* the defendant willfully and without cause deserted and abandoned the plaintiff, *and ever since has and still continues* so to willfully and without cause desert and abandon said plaintiff, and to live separate and apart from plaintiff without any sufficient cause or any reason, and against plaintiff's will and without his consent."

As none of the evidence taken at the trial was brought up by the record, it will be presumed that the finding is supported by evidence. It therefore follows that the allegation of the cross-complaint, that plaintiff deserted the defendant on the twenty-fourth day of February, 1888, could not in point of fact be true, for the reason that the court found that the defendant deserted the plaintiff on the twenty-third day of September, 1887, and that *she ever since* has and still continues to so desert.

It might perhaps be well to state, in this connection, that the same evidence necessary to sustain the allegation of desertion made by the cross-complaint would be equally competent in support of defendant's answer denying the desertion, hence the ruling of the court in refusing to consider the cross-complaint "was error without injury."

We deem it but fair to the learned judge who presided at the trial of this case in the court below to state that while the point upon which his ruling was evidently based was not decided in *Haley* v. *Haley,* 74 Cal. 491, 5 Am. St. Rep. 460, yet it is manifest that what was said by Mr. Justice McKinstry in that case (the cases above

cited not having been decided when this case was tried) was accepted by him as a very strong indication of what the action of this court would be when this question came fairly before it for decision.

We advise that the judgment appealed from be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. —For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.