CHARLES A. MATTEL & others *vs.* LEWIS S. CONANT.

Suffolk.   March 18, 1892. — May 17, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Foreclosure of Mortgage — Surplus — Interpleader — Plea in Abatement — Interest.*

When one sells the property of another by virtue of a power, the law implies an obligation that he shall account for and pay over the proceeds of the sale. The mortgagee under a power of sale mortgage obtains his power to sell from the mortgagor; but if before the sale the mortgagor has parted with his title to another person, who at the time of the sale stands in the relation of owner, the law, independently of any contract in the power, makes it the duty of the seller to pay the surplus to such owner. And in an action brought by the mortgagor's grantee against the mortgagee, which action submits to the court the legal construction of the conveyance, it is open to the defendant to contest either its validity or its construction, as well as the amount due upon it, if a mortgage; and the fact that, in some possible controversy between himself and other parties, such parties may make claims with reference to it as to which the decision in the case in question will have no effect, is immaterial.

The pendency of another action must be pleaded in abatement, and not in bar, and if the defence to an action is that the matter in controversy is already the subject of litigation, in which the rights of the parties may be adjudicated by a competent tribunal, the plea should show that the parties are before that tribunal, and that their rights may be there determined.

The pendency of a bill in equity is not usually a sufficient ground for sustaining

a plea in abatement to an action at law. If the defendant in the action at law is entitled to any advantage from the pendency of the bill, it is only by injunction from the equity court to stay the proceedings at law.

If a mortgagee after a foreclosure sale under the power in a mortgage renders to the attorney of the mortgagor's grantee an account of the sale showing a surplus, and files the same day a bill of interpleader asking that the title to such surplus may be determined, he is chargeable to the grantee in an action at law for such surplus, with interest thereon, from the day of rendering the account and filing the bill.

CONTRACT, to recover money remaining in the hands of a mortgagee from a sale of lands made by him under a power contained in the mortgage.

At the trial in the Superior Court, before *Blodgett*, J. it appeared in evidence that on July 19, 1881, one Antoine Mattel made a mortgage of certain premises in Boston to the defendant for $4,000; that the power of sale in the mortgage was to sell in the name of the mortgagee or his assigns, or as the attorney of the mortgagor, and to pay in the surplus, if any, of the money arising from the sale to the mortgagor or his assigns; that on the same day, but subsequently to the execution of the mortgage, Antoine conveyed to the plaintiffs the premises described in the mortgage, for a consideration expressed in the deed of $1,500; that the deed contained the following conditions: " This deed is made upon the express condition that if the said Antoine Mattel shall during his lifetime pay to each and every one of said grantees, or their respective heirs and assigns, the sum of $500 apiece, and until such payments shall pay all taxes and assessments levied upon said estate, and shall not permit the same to be taken on execution against him, the said Antoine Mattel, issued, and fulfil all the conditions set forth in the mortgage deed hereafter described, then and in that event this deed shall be null and void, otherwise it is to remain in full force and effect, and until the said payments or the breach of the above conditions the grantor may hold and enjoy the granted premises, and receive all the rents and profits therefrom "; that the mortgage deed referred to in the condition was the mortgage given to the defendant by Antoine; that Antoine died in the spring of 1882, between April 24 and May 22; that default was made in the payment of the semiannual instalment of interest on the mortgage due July 19, 1882; that on

September 19, 1882, the premises described in the mortgage were sold by public auction by the mortgagee to one Hodish for $6,100; that the sale was not carried out, and the defendant sold the premises on November 7, 1882, under the power, to one Francis A. Wise for $4,800; that the plaintiffs were three of the children of Antoine; that Antoine left a paper purporting to be a will by which nothing was bequeathed to either of these plaintiffs; and that this paper was on file in the Probate Office for the County of Suffolk, but had never been offered for probate, and the estate had never been administered.

The defendant after the second sale rendered to the plaintiff's attorney an account of the money received, including the deposit required at the first sale, and the debt, interest, and expenses of both sales, showing a balance in his hands of $420.60, and filed a bill of interpleader in the Supreme Judicial Court for the County of Suffolk on December 9, 1882, asking that the plaintiffs in this action, and the executor, devisees, and legatees under the paper purporting to be the will of Antoine Mattel, might interplead and determine to whom the balance belonged. Such of the plaintiffs in the present action as were served with process appeared, and demurred to the bill on several grounds, and the demurrer was sustained generally. The bill was dismissed without prejudice as to the two plaintiffs in this action Charles A. Mattel and Mary E. Howard, and the executor named in the paper purporting to be a will. The only other plaintiff in this action, F. L. Mattel, was not served with process in the bill, and did not appear.

Nothing was paid by Antoine Mattel in his life to either of the plaintiffs under the condition in the conveyance from him to the plaintiffs, and the condition remained unfulfilled.

The defendant asked the following requests, which the judge refused to give:

" That the plaintiffs are not the proper parties to bring this suit.

" That as a bill in equity brought by this defendant, asking that the plaintiffs and the executor and legatees named in the will of Antoine Mattel might interplead and determine to whom the funds in the defendant's hands belong, is pending, but suspended by reason of non-appearance of necessary parties, in the

Supreme Judicial Court, this court has no jurisdiction of this action.

" That the validity and legal effect of the deed from said Antoine Mattel to the plaintiffs, dated July 19, 1881, cannot be determined in this action, but must be determined in a hearing between the plaintiffs, on the one hand, and the executor and legatees named in the will, or the administrator with the will annexed, of said Antoine Mattel, on the other hand."

The court, among other things not excepted to, charged the jury as follows : " There is one other matter about which the parties do not agree, and that is from what time interest should be computed.  For the purpose of this trial, I instruct you that, having determined the sum which plaintiffs were entitled to receive after the second sale had been made and the money came into the hands of the defendant, you will compute simple interest upon that sum from the ninth day of December, 1882, to the present time ; and I fix upon the ninth day of December, because counsel agree on both sides that as early as that, if not on that day, a certain proceeding was commenced in the Supreme Judicial Court; in other words, it is plain that at that time the defendant had the money in his hands, and you may take that as the date from which to compute interest at the rate of six per cent per annum, down to the present time."

The jury found for the plaintiffs in the sum of $706.10 ; and the defendant alleged exceptions.

*J. W. Keith*, for the defendant.

*J. S. Dean*, for the plaintiffs.

BARKER, J.  The defendant is sued for money remaining in his hands from a sale of lands made by him under a power contained in a mortgage.  He has satisfied his mortgage debt, and admits that he holds money so acquired, and not belonging to himself, but contends that the plaintiffs cannot recover it because he has made no contract with them for its payment.  The plaintiffs did not give the mortgage, and the mortgagor died before breach of condition, and the sale was made after his death.  The plaintiffs are no doubt strangers to the contract which the defendant, by accepting the mortgage, made with the mortgagor to pay the surplus of any sale to him or his assigns. But they do not sue upon that contract.  When one sells the

property of another by virtue of a power, the law implies an obligation that he shall account for and pay over the proceeds of the sale. The mortgagee obtains his power to sell from the mortgagor; but if before the sale the mortgagor has parted with his title to another person, who at the time of the sale stands in the relation of owner, the law, independently of any contract in the power, makes it the duty of the seller to pay the surplus to such owner. This obligation is consistent with, but does not spring from, the contract made with the mortgagor by accepting the power. It is immaterial that the owner is a stranger to the contract between the original mortgagor and the holder of the power, and it is of no importance whether that contract is a simple contract or a contract under seal. The defendant has sold by lawful authority the property of another, and it is his duty to account for and pay over the proceeds of the sale, so far as they do not belong to himself. *Gardner* v. *Barnes,* 106 Mass. 505. *Wiggin* v. *Heywood,* 118 Mass. 514. *Cook* v. *Basley,* 123 Mass. 396. *Converse* v. *Ware Savings Bank,* 152 Mass. 407.

This action is suitable to enforce such a liability. If, therefore, the plaintiffs at the time of the sale were owners of the property sold, they can maintain the action to the extent of their ownership, whether conditional or absolute, and the fact that the defendant has contracted with the original mortgagor for the disposition of the proceeds of the sale is not a defence.

The defendant's mortgage was made on July 19, 1881, and immediately thereafter the mortgagor conveyed the land to the plaintiffs and their heirs, subject to the defendant's mortgage. This deed was upon condition that it should be void if the grantor should during his lifetime pay to each of the plaintiffs or their respective heirs, the sum of five hundred dollars; and the grantor died between April 24 and May 22, 1882, without making any of the payments. Whether the deed to the plaintiffs was given to secure loans, and so is to be considered as a mortgage, or is to be construed as conveying a determinable fee, which by the grantor's death without making the payments stated in the condition has become absolute, is immaterial to the decision of the present case. Under the deed, the plaintiffs were at the time of the defendant's sale the owners of the land,

either absolutely or in mortgage, and if in mortgage, the amount of their claim apparently exceeded the amount for which the defendant is liable in this action. The plaintiffs thus show a right to call upon the defendant to account for the proceeds of his sale, and to recover of him all the surplus in fact remaining in his hands.

The defendant asked a ruling that the validity and legal effect of the deed to the plaintiffs cannot be determined in this action, but only in an action between the plaintiffs and the persons entitled to the estate of the grantor under his will; and he now argues that he cannot be heard to dispute the validity of the deed, and may hereafter be held to answer to an action by an administrator or executor who would not be bound by the decision in this cause. The ruling was properly refused. The conveyance of the estate by the mortgagor to the plaintiffs was alleged in their declaration, and denied in the defendant's answer, which also submits to the court the legal construction of the deed. As the plaintiffs founded their action upon rights claimed under the deed, it was open to the defendant to contest either its validity or its construction, as well as the amount due upon it, if a mortgage ; and the fact that, in some possible controversy between himself and other parties, such parties may make claims with reference to it as to which the decision in this case will have no effect, is immaterial.

It appears that the mortgagor left an instrument purporting to be his last will and testament, by which nothing was bequeathed to either of the plaintiffs, which instrument has never been offered for probate, and that no administration has been granted on his estate. The mortgage sale was on November 7, 1882. After the sale, the defendant filed a bill of interpleader in this court, admitting that he had a surplus, and asking that the plaintiffs in this action, and the persons named as the executor and as devisees and legatees in the testamentary instrument might interplead and determine to whom the balance in his hands belonged. One of the plaintiffs in this action was never served with process in the suit in equity, and has never appeared therein. The others appeared in that suit, and as to them the bill was dismissed without prejudice, before the commencement of this action. The defendant has set up in his answer that his bill in equity is still

pending, and contends that for that reason the Superior Court has no jurisdiction of this action. This defence must fail for several reasons. In the first place, the pendency of another action must be pleaded in abatement, and not in bar. *Moore* v. *Spiegel*, 143 Mass. 413. In the next place, as the logic of the defence is that the matter in controversy is already the subject of a litigation, in which the rights of the parties may be adjudicated by a competent tribunal, it is essential that the plea shall show that the parties are before that tribunal, and that their rights may be there determined. But although the defendant's bill in equity may in a sense be pending, none of the plaintiffs are so related to it that its decision will conclude their rights. *Newell* v. *Newton*, 10 Pick. 470, 472. Finally, the pendency of a bill in equity is not usually a sufficient ground for sustaining a plea in abatement to an action at law; *Colt* v. *Partridge*, 7 Met. 570, 576; and if the defendant is entitled to any advantage from the pendency of the bill, it is only by injunction from the equity court to stay proceedings at law. 2 Story Eq. Jur. § 889.

The remaining question is whether the plaintiffs should be allowed interest, and, if so, from what date. The mortgagor died in the spring of 1882. The next instalment of interest on the defendant's mortgage fell due on July 19, 1882, and thereupon the plaintiffs notified him that they would not pay it, and he in reply notified them that he should foreclose. The first foreclosure sale was on September 19, 1882, and when the purchasers refused to complete it, the defendant notified the plaintiffs, and offered them the purchaser's contract of sale so that they might enforce it if they chose, and also notified them that he should make another sale, which he advertised in an unusual way at their request. The final sale was on November 7, 1882. On December 9, 1882, the defendant rendered to the plaintiff's attorney an account of the sale, showing a surplus, and filed his bill of interpleader. The plaintiffs' writ in this action was sued out on September 30, 1887, and there was no other evidence of demand. The court instructed the jury that they might compute interest from December 9, 1882. The defendant contends that he was not chargeable with interest, or, if chargeable, that interest should not be allowed until the date of the writ in this action.

We think that the ruling given was sufficiently favorable to the defendant. His implied obligation was to pay within a reasonable time after the sale, and the filing of his bill in equity showed that he was aware that a reasonable time had elapsed. He had in his hands from the time of the sale money of which he did not claim the ownership, and which he was aware that the plaintiffs claimed, although he received no formal demand. He was also aware of all the circumstances upon which the plaintiffs founded their claim. That he was doubtful of its validity gave him no right to retain the fund. It was his duty to pay it over to some one, and, as between himself and the plaintiffs, it is established that it was his duty to pay it to them. The delay was a breach of his obligation, and interest is the measure of damages which the law raises a promise to pay for the detention of the money after the breach of an express or implied contract for payment, if no demand is necessary. *Dodge* v. *Perkins*, 9 Pick. 368. *Foote* v. *Blanchard*, 6 Allen, 221. *Thomas* v. *Beals*, 154 Mass. 51, 54.

Before the fund came into his hands, he knew that the plaintiffs were interested in the proceeds of the sale which he proposed to make, and by his course of dealing with them in respect to the foreclosure and in bringing his bill in equity he so recognized their claim as to make a demand upon their part unnecessary. Instead of paying the money into court when he brought his bill of interpleader, he has kept it in his own hands; and now that the plaintiffs' claim has been established, it is just that he shall pay interest from the time when he acknowledged that the money was due to others than himself.

*Exceptions overruled.*