### IRENE J. COOK v. JOHN M. COOK.

(Filed 17 April, 1912.)

1. Pleadings—Plea in Bar—Former Action—Answer—Joinder—Demurrer—Practice.

A defendant may demur to a complaint from which it appears that another action is pending between the same parties for the same cause, Revisal, sec. 475 (3) ; and when it does not so appear, the objection may be taken by answer to the merits joined with a plea in bar. Revisal, 477.

Cook *v.* Cook.

**2. Same—Appeal and Error—Harmless Error.**

In an action for divorce the answer set up a plea in abatement that an action was then pending between the same parties for the same cause, and further answered to the merits: *Held*, error for the trial judge to require the defendant to withdraw his answer to the merits before considering his plea in abatement, but harmless when it appears on appeal that his plea was bad.

**3. Pleadings—Former Action—Plea in Bar—Waiver.**

The right to plead the pendency of another action between the same parties for the same cause before judgment had is. to a large extent, a rule founded on convenience, and same may be waived or cured by dismissing the prior action at any time before the hearing.

**4. Divorce—Cross-action—Affirmative Relief—Jurisdictional Affidavits—Practice.**

While a defendant in an action for divorce may, by cross-action or petition, obtain a divorce on his own account, he must file an affidavit required by statute in such causes in order to confer jurisdiction on the court.

**5. Divorce — Cross-action—Affirmative Relief—Counterclaim—Practice.**

The doctrine that a party sued is not required, as a rule, to set up a counterclaim existent in his favor, but allowed to assert it in a different or a subsequent action, applies to a defense set up in an action of divorce, unaffected by the fact that the status of the parties is necessarily therein involved.

**6. Same — Former Action — Abatement—Same Cause—Independent Action.**

The wife. being party defendant in an action commenced by the husband for a divorce, answered denying the facts relied upon by plaintiff. but without asking affirmative relief, and without making the affidavit required in actions for divorce. In another jurisdiction she subsequently brought an independent action for divorce for abandonment, in which the defendant moved to vacate upon the ground of the pendency of the former action for divorce brought by him: *Held*, the present plaintiff is not the actor in the former suit. and the relief sought by her is not the same as that involved in the other issue and is not altogether dependent upon the. same state of facts, and the pendency of the husband's action for divorce is not a bar to that of his wife subsequently brought.,

CLARK. C. J., and WALKER, J., dissenting.

Cook *v.* Cook.

Appeal from *Peebles, J.,* at October Term, 1911, of Wake.

Civil action for divorce *a mesna,* etc. The present action was instituted 26 August, 1911, and summons therein was personally served on defendant 1 September, 1911. Plaintiff filed her complaint to September Term, 1911, for divorce from bed and board on account of abandonment, "unlawfully and without just cause," the complaint being accompanied by the formal affidavit required by the statute. Defendant thereupon answered, denying the alleged abandonment, and answered further, in bar of plaintiff's right to maintain her action, that the defendant had theretofore commenced an action for divorce *a vinculo* for cause specified in subsec. 5, Revisal sec. 1561, that is, because the parties had lived separate and apart for ten successive years, had resided in the State for that period, and there were no children born of the marriage, etc.

It appeared that defendant's action returnable to Superior Court of Alamance County had been commenced 24 September, 1910, summons personally served on plaintiff 1 October, 1910, complaint filed November Term, 1910, and defendant therein, that is, the present plaintiff, had appeared in that suit and made formal denial of complaint, and as a part of such denial had averred a wrongful abandonment by her husband in August, 1900, and prayed judgment that plaintiff's suit be denied him. This answer was verified in ordinary form of answers in civil actions, but not in the form required in actions for divorce. When the present case was called for trial in Wake Superior Court, it was admitted by plaintiff that the action by defendant in Alamance was still pending, and before the jury was impaneled defendant moved to "abate the action and dismiss the same" by reason of the pending of the Alamance case, and the court held that on the facts the pendency of the action in Alamance County was not necessarily a bar to this, and that the answer to the merits destroyed the plea in abatement, and offered defendant opportunity to withdraw his plea in bar and file a plea in abatement, which was declined, and defendant excepted.

The jury was then impaneled, and the following verdict was rendered:

1. Were the plaintiff and the defendant married on 22 March, 1900? Answer: Yes.

2. Did the defendant abandon the plaintiff, as alleged in the complaint? Answer: Yes.

3. Has the plaintiff been a resident of the State of North Carolina for two years next preceding the filing of the complaint? Answer: Yes.

4. Is the defendant a resident of the State of North Carolina? Answer: Yes.

5. Was the plaintiff a resident of Wake County, North Carolina, at the time this action was commenced? Answer: Yes.

Judgment on the verdict, and defendant excepted and appealed.

*R. N. Simms for plaintiff.*

*Parker & Parker, Long & Long, Dameron & Long, and Holding & Snow for defendant.*

HOKE, J., after stating the case: Under our present procedure, a defendant is allowed to demur, when it appears on the face of the complaint that there is another action pending between the same parties for the same cause (Rev. 1905, sec. 475, subsec. 3), and where this does not appear from the complaint the objection may be taken by answer (Revisal, 477); and it has been held with us that an objection of this character may be joined with plea in bar or an answer on the merits. *Blackwell v. Dibrell,* 103 N. C., 270, citing on this position Pomeroy's Remedies, sec. 721. The judge below, therefore, had no right to require defendant to withdraw his answer on the merits as a condition for having his plea in abatement considered and passed upon. We hold, however, that the verdict and judgment should not be disturbed on this account, being of opinion that the pendency of defendant's suit in Alamance County in which the husband is seeking to obtain a divorce *a vinculo,* is not necessarily a good plea against the present prosecution of plaintiff's suit for divorce from bed and board. As a general rule, this right to plead the pendency of another action between the same parties, before judgment had, is regarded to a large extent as a rule of convenience, resting on the principle embodied in the

159—4

maxim, *"Nemo debet bis vexare,"* etc. The defect is one that can be waived, and it may also be cured by dismissing the prior action at any time before the hearing (1 Cyc., p. 25; *Grubbs v. Ferguson,* 136 N. C., 60), and the plea presenting it is usually confined to suits in which the same litigant is plaintiff or is at least an actor seeking the same relief. *Long v. Coal and Iron Co.,* 233 Mo., 714; *Rodney v. Gibbs,* 184 Mo., 1, 10; *Craig v. Dougherty,* 45 Mo., 294; *Mattel v. Conant,* 156 Mass., 418; *Washburn & Co. v. Scott Co.,* 22 Fed., 711; *Wadsworth v. Johnston,* 41 Cal., 61; *New England Screw Co. v. Blevin,* Blackford's C. C., p. 240.

In the case before us the present plaintiff is not the plaintiff in the action pending in Alamance County, nor is she an actor in that suit seeking affirmative relief. She asks for no judgment there and has not filed the affidavit required by our law in divorce proceedings and which we have often held is jurisdictional in its nature. *Johnson v. Johnson,* 142 N. C., 462; *Hopkins v. Hopkins,* 132 N. C., 22.

In divorce proceedings a defendant sued is allowed, with us, to ask for and obtain a divorce on his own account, but he can only do so by cross-action or petition, accompanied by this jurisdictional affidavit and coming within the definition of the general term counterclaim, as it is understood and used in The Code. *Smith v. French,* 141 N. C., 7, citing Green on Code Pleadings and Practice, sec. 815. It is well recognized here that a party sued is not required as a rule to set up a counterclaim existent in his favor, but is allowed to assert the same in a different or a subsequent action. *Shakespeare v. Land Co.,* 144 N. C., 521; *Mauney v. Hamilton,* 132 N. C., 303; *Manufacturing Co. v. McElwee,* 94 N. C., 425. It is urged that while this rule may hold in ordinary actions, it should not obtain in divorce proceedings, because the status of the parties is then necessarily involved. It would seem, however, to be especially insistent in such proceedings where a party may not desire to presently seek affirmative relief, in the hope that a different course would more likely lead to a reconciliation; and assuredly we think the reluctance or failure to take such course from such a motive should not be held to defeat or prejudice the right of a defend-

COOK *v.* COOK.

ant to bring his cause before the court at another time. This plea, upon which defendant now relies to defeat plaintiff's recovery, is referred to in 1st Pl. and Pr., p. 750, as available when there is a former suit pending in the same jurisdiction between the same parties for the same cause of action and for the same relief. Not only is present plaintiff not an actor in the suit in Alamance County, but the relief sought by her is not the same as that involved in the other issue, nor is it dependent altogether on the same state of facts. And authority seems to favor the position that the pendency of an action seeking one kind of divorce does not necessarily forbid the maintenance of a suit to secure a divorce of a different kind. *Simpson v. Simpson* (41 Pac., 804), Cal., Sept., 1895; *Stevens v. Stevens,* 42 Mass., 279; *Monroy v. Monroy,* 1 Edw. Chan., p. 382; *Thornton v. Thornton,* 11 Pro. Div., 1886, p. 176; 2 Bishop on Marriage and Divorce, sec. 565; 1 Cyc., p. 31; 9 Amer. and Eng. Ency. (2d), p. 840. In this last citation the author says: "It is not a bar to a suit for separation that another suit is pending for an absolute divorce, and the courts will under some circumstances refuse to stay the former proceedings until the latter is determined." Pursuing this statement, if it should be made to appear that a prior suit was pending between the same parties which embraced the same issue and involved to a large extent the same state of facts, a court would and should, if right and justice would be thereby best promoted, stay the proceedings until the results of the former suit could be attained; but as we have endeavored to show, there is nothing in this case that requires such a course as a matter of law, and nothing appears of record to justify it as a matter of discretion.

After a full and fair trial, in which defendant, having answered, was present in court, the plaintiff has established that she was abandoned by defendant wrongfully and without just cause, and we find nothing in the law or the facts of the case to justify the Court in depriving the plaintiff of her verdict and the rights which flow from it under the law. The judgment in plaintiff's favor is therefore affirmed.

No error.

CLARK, C. J., dissenting: The defendant brought an action against his wife, the plaintiff herein, for an absolute divorce in Alamance County, which was the place of his residence, at that date, September, 1910. The present plaintiff, the defendant in that action, appeared and filed an answer. Subsequently she instituted this action in Wake, in August, 1911. The defendant herein moved to abate this action by reason of the pendency of his prior action which had been brought in Alamance. This motion should have been granted.

In *Smith v. Morehead,* 59 N. C., 360, the Court held that the domicile of the husband was the domicile of the wife, and that proceedings in divorce instituted by the wife against the husband must be brought in the county where the husband resided.

But independently of that, an action for divorce is *sui generis,* and is to determine the *status* of the parties. Hence, there can be nothing in the nature of a counterclaim. In *Bidwell v. Bidwell,* 139 N. C., 409, *Hoke, J.,* says: "Actions for divorce deal with the status of the parties," and held that, there having been a decree of divorce between the parties, a subsequent action would be barred, though it might set up matters which would have affected the former decree, if pleaded in time.

In the present case, even if this action had been properly brought by the wife in Wake, the judgment decreeing her a divorce from bed and board was a determination that such was the legal status of the parties at the date of that judgment. Hence, in the further prosecution of plaintiff's suit in Alamance, which he had a right to bring in that county, and which he did bring therein nearly a year prior to the institution of the present suit by his wife in Wake, he will be estopped by the judgment in this case from further prosecuting his action. He can only bring a new action, and only as to causes arising subsequent to the date of the judgment in this. He is estopped by the judgment in this case. As the husband instituted his action in Alamance prior to the beginning of this action, he had a right to prosecute it to judgment, and the action in this case in Wake should have been dismissed, for the wife could have had her full remedy by a defense to the action in Alamance which was already pending for the purpose of determining the status of the parties.

In *DeHaley v. DeHaley,* 74 Cal., 489, the point is expressly decided, the Court holding that while an action for a divorce is pending, one of the parties thereto cannot maintain a subsequent action for divorce against the other, but that all matters affecting the *status* of the parties should be determined in the action first brought, and not by a new action setting up matters in recrimination or defense. In 2 Nelson Separation and Divorce, sec. 745, it is said: "The term *counterclaim* is not applicable to a cause for divorce, which is neither a tort nor a breach of contract, but is a cause of action unlike all other causes."

The husband having brought his prior action in Alamance, the wife should have tried out her grounds of defense or her claims for relief in that action.

The test of a counterclaim is that its decision is not necessarily involved in the pending action, and the claimant can bring his counterclaim on it even after judgment. If the plaintiff in the Alamance case, which was first brought, had obtained judgment of absolute divorce, the defendant in that case could not have brought her action for divorce from bed and board. *Bidwell v. Bidwell,* 139 N. C., 409. It follows that she could not bring such suit pending the Alamance action. Her demand is not a counterclaim, but a recrimination, and would be barred by a decision granting the demand in the plaintiff's action against her, for it is a matter necessarily involved in the decree in the action against her which would determine her status. *Tyler v. Capeheart,* 125 N. C., 64.

WALKER, J., concurs in this dissent.