*Southern District*

**A. LEDYARD SMITH, JR.**

v.

**ERIC A. KOLM, ET AL**

*Present*: Nash, C. J., *Lee, JJ.

Case tried to *Colten, J.* in the Municipal Court of Brookline, No. 1697 of 1964.

*Lee, J.* This is an action of contract and tort in which the plaintiff seeks to recover dam-

ages on alleged misrepresentations by the defendants that a cesspool serving property sold by the defendants to the plaintiff was located on the purchased property, whereas in fact it was not situated on the said property. The answer is a general denial.

*At the trial there was evidence tending to show that* the plaintiff executed a written offer to purchase property in Bolton from one Eric A. Kolm. After the offer was accepted the plaintiff went to the property and spoke to Mr. Kolm and asked where the cesspool was located. Mr. Kolm pointed to an area in the backyard within the boundaries of the property to be sold and said that it was located there. The plaintiff asked the question of Mr. Kolm in the course of conversation. Thereafter a purchase and sale agreement was executed, the purchase price being a few hundred dollars less than the amount originally offered by the plaintiff. One Eric A. Kolm and Elaine H. Kolm signed the purchase and sale agreement and the deed which was subsequently given. After the property was purchased by the plaintiff he discovered that the cesspool was located off the premises which he had purchased. A plumber testified that a cesspool could no longer be installed in Bolton and that a septic tank would have to be installed in its place. A cesspool is merely a means of allowing seepage of waste materials into the ground while a septic tank is an enclosed tank which is more efficient than and functions differently

than a cesspool. The plumber testified that to install piping into a new location, to relocate, purchase and install a new septic tank would cost $2,000.00. A representative of the Registrar of Voters of the town of Brookline testified that an Eric A. Kolm lived in Brookline and she produced the signature of an Eric A. Kolm which appeared to be the same signature as appears in the purchase and sale agreement between the plaintiff and one Eric A. Kolm. She also testified that one Elaine Kolm was listed at the same address as Eric A. Kolm.

The defendants made the following requests for rulings:

1. Upon all the evidence the plaintiff cannot recover upon the following grounds:
    (a) The defendants have not been properly identified.
    (b) It has not been proven that the septic tank is not on the plaintiff's land.
    (c) No false representation has been proven.
    (d) No reliance upon any false representation has been proven.
    (e) No damages have been proven.

2. The plaintiff cannot recover more than the difference between what the property would have been worth as represented and its actual fair market value.

3. The plaintiff is not entitled to recover the cost of procuring and installing a new septic tank if there was no representation that the septic tank in the ground was new.

4. If the defendants or either of them told the plaintiff that the location of the septic tank was unknown, then the plaintiff bought the property at his hazard and there was no representation that the septic tank was located on the land to be conveyed.

5'. If there was no representation that the septic tank was in good working order then the plaintiff is not entitled to recover the value of a septic tank in good working order.

6. Even if there was a material representation, the plaintiff can only recover for the difference in fair market value between its actual value and the value it would have had if it had been as represented.

7. The owner is not qualified to testify as to differences in actual and represented values due to the fact that there is no septic tank on the premises.

The court denied the defendants' requests Nos. 1 and 5, found request No. 4 to be inapplicable and allowed requests Nos. 2, 3, 6 and 7.

The court found the following facts:

"The plaintiffs purchased an old home from the defendants. Upon inquiring as to the location of the cesspool on the property, the defendant pointed to a certain location on the property. Some time later, when it was necessary to locate the cesspool, it was found to be located on property other than that belonging to the plaintiffs. The town of Bolton no longer allows the construction of a cesspool on the

property but only that of a septic tank.

The plaintiffs relied on the representation of the defendants that a cesspool was located on the property purchased by the plaintiffs."

The court found for the plaintiff in the sum of $650.00.

The defendants claim to be aggrieved by denial of requests Nos. 1 and 5, and by the alleged misapplication of requests Nos. 2, 3, 6 and 7.

The issues involved in this case are whether the trial justice was correct in finding a material misrepresentation by the defendants which was relied upon by the plaintiffs to their damage and were the damages justified and the defendants properly identified.

We think the justice was right in finding a material misrepresentation by the defendants, relied upon by the plaintiffs to their damage.

The location of a sewage disposal facility is of great importance in the purchase of a country residence. The trial justice's finding of fact that the defendants pointed out a spot on the property where the cesspool was located is sufficient evidence to support his finding of misrepresentation.

It is not necessary that a defendant know that his representation is false. Where facts represented are susceptible of knowledge and the defendant represents that he knows these facts, the misrepresentation is ac-

tionable. *Golding v. 108 Longwood Ave., Inc.,* 325 Mass. 465, 467.

We look now at the question of the identity of the defendants. The writ identifies the defendants as Eric A. and Elaine H. Kolm of Brookline. Counsel for the defendants entered a general appearance for Eric A. and Elaine H. Kolm of Brookline. A representative of the Registrar of Voters of Brookline testified that Eric A. and Elaine H. Kolm resided at a single address in Brookline. The signature of Eric A. Kolm was produced which was identical to the one on the purchase and sale agreement.

The judge was correct in his ruling. Only slight evidence is necessary to identify the defendant in an action. *Brockton Hospital v. Cooper,* 345 Mass. 616.

The last issue is the awarding of damages. We agree that the plaintiff suffered damages but a perusal of the report before us does not give any indication of how the justice arrived at his monetary figure. The question of value is a question of fact and in this instance a proper matter for expert opinion. *Forman v. Hamilburg,* 300 Mass. 138, 143.

As the report does not adequately present the evidence or the judge's findings of fact in regard to damages the case is remanded to the court for a new trial on the question of damages only.

Gerald E. Jones, William H. Gorham, both of Boston, for the plaintiff.

Bernard A. Dwork, of Boston, for the defendant.