*Northern District*

No. 6865

## MILDRED BOBROWSKI, GUARDIAN OF CHARLES H. CUMMINGS

v.

## RELIANCE COOPERATIVE BANK

Argued: Nov. 20, 1968   Decided Feb. 11, 1969

*Present*: Brooks, P.J., Parker, Yesley, J.J.
Case tried to *Connolly, J.* in the Third District Court of Eastern Middlesex No. 3668 of 1967.

*Yesley, J. This is an action for money had and received.* The facts are not in dispute. One Charles H. Cummings (Cummings) acquired title to a parcel of land on Putnam Avenue, Cambridge, by quitclaim deed dated Oct. 23, 1964 from Joseph P. and Mildred L. Censullo, to which documentary stamps were affixed. The deed contained a recital that the conveyance was made "subject to the existing mortgage on said real estate, held by (defendant)". On December 23, 1964 the Universal Realty Company made a general attachment of "all the right, title and interest" of Cummings in real estate located in the South District of the County of Middlesex, which includes Cambridge.

Cummings having defaulted in the payments due under the mortgage, the defendant brought

foreclosure proceedings resulting in a sale of the property under the power of sale contained in the mortgage. After deducting the mortgage debt and legal expenses from the proceeds of sale, a surplus of $1250.42 remained. The plaintiff, as guardian of Cummings, brought this action to recover the surplus. There was a finding for the plaintiff, which aggrieved the defendant who brought the case here.

Since all of the material facts upon which the rights of the parties are to be determined have been agreed upon, we have before us a case stated. *Rogers* v. *Attorney General & Others,* 347 Mass. 126, 130; *Caissie* v. *Cambridge,* 317 Mass. 346, 347. It was the duty of the trial justice to order the judgment required by the application of the correct principles of law to the facts stated. *Richard D. Kimball Co.* v. *Medford,* 340 Mass. 727, 728, 729; *Caissie* v. *Cambridge,* 317 Mass. 346, 347; *General Motors Acceptance Corporation* v. *J. & F. Motors, Inc.,* 34 Mass. App. Dec. 60. We think that he did so in finding for the plaintiff.

The sole issue presented by the report herein is whether a surplus realized upon a foreclosure sale belongs to the person having title at the time of the foreclosure sale (*i.e.* Cummings), as the trial justice ruled, or to the mortgagors who had previously conveyed the real estate to such owner subject to the mortgage (*i.e.* the Censullos), as the defendant contends. The parties are in agreement that

the attaching creditor had no claim to the surplus. See *Hardy* v. *Beverly Savings Bank,* 175 Mass. 112, 114.

Under G.L. c. 183, § 27, the holder of a mortgage of real estate is required to render any surplus realized on a foreclosure sale "to the mortgagor, or his heirs, successors or assigns ....". It is provided in G.L. c. 244, § 36 that if a mortgagee receives in any manner more than is due on the mortgage, "the mortgagor *or other person entitled to such excess* may recover it in an action of contract" (italics supplied). These statutes make it clear that a person other than the mortgagor may be entitled to the surplus. The case of *Mattel* v. *Conant,* 156 Mass. 418, holds that the surplus belongs to the owner of the real estate at the time of the foreclosure sale and not to the mortgagor. It is stated therein at page 422:

> "The mortgagee obtains his power to sell from the mortgagor; but if before the sale the mortgagor has parted with his title to another person, who at the time of the sale stands in the relation of owner, the law, independently of any contract in the power, makes it the duty of the seller to pay the surplus to such owner."

To the same effect is *Hunneman* v. *Lowell Institute for Savings,* 205 Mass. 441, wherein it is stated at page 445:

> "The money in the hands of the bank (i.e.

the mortgagee) belongs to the same persons as the land before the sale".

See also *Dennett* v. *Perkins,* 214 Mass. 449 at page 451, wherein the court stated that the surplus belongs to the owner of the equity of redemption who had acquired such title by purchase from the original mortgagor subject to the mortgage as in the case before us. In *Spaulding* v. *Quincy Trust Company,* 313 Mass. 752, 753, the Court stated that:

> "Upon the foreclosure, the surplus stood in the place of the equity of redemption previously existing ......,"

which in that case was owned by devisees of the mortgagor. The Court in *Diamond* v. *Ganci,* 328 Mass. 315, used substantially the same language stating at page 317:

> "It is also clear that upon foreclosure the surplus stood in place of the equity of redemption",

citing the Spaulding case. As the owner of the equity of redemption (See *Marshall* v. *Francis,* 332 Mass. 282, 284), Cummings, the plaintiff's ward, was entitled to the surplus; and the trial justice so ruled.

█ The award of interest from December 30, 1965, the date on which the defendant wrote to various parties acknowledging that it held a surplus, was proper. See *Mattel* v. *Conant,* 156 Mass. 418, 425.

█ Since this is a case stated the defendant's

requests for rulings have no standing. *Western Massachusetts Theaters, Inc.* v. *Liberty Mutual Insurance Company,* 354 Mass. 655, and cases cited at page 657. In any event the defendant claimed no report from the trial justice's rulings thereon and the requests are not included in the report.

**There is no error and the report is ordered dismissed.**

HERBERT J. COOPER
    for the plaintiff
DAVID H. STUART
    for defendant