### SIMPSON v. SIMPSON.

#### No. 19,487; September 7, 1895.

41 Pac. 804.

**Divorce—Abatement.**—The Pendency of an Action by the husband to annul the marriage on the ground that it was contracted under duress does not prevent an action by the wife for divorce on the ground of nonsupport.[1]

**Divorce—Continuance.**—In an Action for Divorce the Affidavit for a continuance stated that defendant, a material witness, was in another state, and too poor to attend the trial, and that his deposition could not be obtained within a month; that the evidence in an action pending in another state by defendant against plaintiff to annul the marriage could not be obtained by the day set for trial. Plaintiff stipulated that the uncertified copy of the evidence in the other action might be used as though duly certified, and waived alimony. Held, a continuance was properly refused.

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action by Sarah B. Simpson against B. F. Simpson for a divorce. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

---

[1] Cited and approved in Cook v. Cook (N. C.), 74 S. E. 641, where it is held that a defendant in a divorce proceeding may ask and obtain a divorce as against the plaintiff, the pleading being by way of counterclaim.

Cited with approval in Sworoski v. Sworoski, 75 N. H. 3, 70 Atl. 120. Indeed, the court then go further, saying: "The cause alleged in that proceeding is not the same as in this, and, if it were, its pendency in Massachusetts would not be a ground pleadable in abatement of the present action."

Callen & Neale for appellant; William H. Fuller and Clarence L. Barber for respondent.

VANCLIEF, C.—Action for divorce on the grounds of desertion and willful neglect to provide for plaintiff the common necessaries of life, in which the judgment was in favor of plaintiff, dissolving the bonds of matrimony. Defendant has appealed from the judgment and from an order denying his motion for a new trial. The alleged defenses to the action were: First, a general denial of each and every allegation of the complaint; second, that the defendant married the plaintiff under duress, by threats of plaintiff's father and brother in law to kill him unless he married plaintiff; third, that there was another action pending in the state of Colorado between the same parties for the same cause.

1. The appellant contends that the findings of fact by the court are not justified by the evidence, but I think the evidence quite sufficient to justify all such findings.

2. It is contended that the court erred in deciding that the action pending in the state of Colorado was not for the same cause as this action. The record of that cause, which was offered in evidence by defendant, shows that it was an action brought by the defendant herein against the plaintiff in this action to annul the alleged marriage of plaintiff and defendant herein, on the ground that the plaintiff in that action submitted to the performance of the marriage ceremony under duress as aforesaid, and was not an action for divorce. Surely, neither that cause of action nor the relief sought thereby was the same as in this action, and the court did not err in so deciding.

3. Appellant contends that the court erred in denying defendant's motion to postpone the trial. The motion was made on the affidavit of one of defendant's attorneys, showing that defendant was a material witness in his own behalf to prove the alleged duress; that he resided in Denver, Colorado, and by reason of his poverty was unable to pay the expense of a trip to this state, and therefore his testimony could be procured only by deposition; that affiant knew of no other witness by whom the alleged duress could be proved; that a postponement of one month would be necessary to enable affiant to procure defendant's deposition, but did not state that affiant expected to procure it within that period. The affidavit

further stated that the evidence necessary to prove the plea of another action pending in the state of Colorado could not be procured in time for the trial on the day set. Counsel for plaintiff opposed the motion to postpone the trial, and offered to stipulate, as they afterward did, that the uncertified copy of the record of the action pending in Colorado, then in possession of defendant's attorneys, might be admitted in evidence without objection, and with the same effect as if duly certified, and also waived plaintiff's claim for alimony. Plaintiff also proved that summons was personally served on defendant in Denver, Colorado, four months prior to the day set for the trial of the case. Considering all the circumstances, I do not think the denial of the motion to postpone the trial was an abuse of the discretion of the court. But, even if it can be said to have been error, I think it appears that the defendant was not injured thereby. In the first place, it appears by the record of defendant's suit in Colorado that he earnestly desired to free himself from the bonds of matrimony, which were dissolved in this action without costs, except the sum of $20.15, which he will probably never pay. The only difference, in effect, between the decree of divorce in this action and a decree annulling the marriage in his action in Colorado is that the latter would scandalize the plaintiff (to marry whom he appears to have been under the strongest possible moral obligation), and bastardize his natural son, born after the alleged marriage. In the second place, it appears to be hardly possible that defendant's testimony as to the alleged duress could prevail over the strong evidence to the contrary given at the trial. A new trial should not be granted on the ground of harmless error. I think the order and judgment appealed from should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order and judgment appealed from are affirmed.