[S. F. No. 6313. In Bank.—August 26, 1912.]

W. A. MOORE et al., Petitioners, v. WILLIAM M. CONLEY, Judge of the Superior Court in and for the County of Madera, Respondent.

ELECTION CONTEST—ORDER CONTINUING HEARING BEYOND TWENTY DAYS —DIRECTORY PROVISION OF STATUTE—JURISDICTION.—An order continuing the hearing of an election contest beyond the twenty days allowed by section 1121 of the Code of Civil Procedure, is unauthorized, and although the provisions of the section are merely directory, and their observance not essential to the jurisdiction of the court to complete the hearing after an unwarranted continuance, it is nevertheless the duty of the court to conform to the law as far as possible.

ID.—MANDAMUS TO COMPEL HEARING—WRIT DENIED WHEN DELAY IS INAPPRECIABLE.—The supreme court will issue a writ of mandate to compel the trial court to hear such contest within the time limited by the statute, if it appears necessary for the protection of the rights of the contestants. It will, however, deny an alternative writ, where the application therefor was made so late that only one week would intervene between the day on which the return thereto could be heard and the day set for the hearing of the contest.

APPLICATION for a Writ of Mandate directed to the judge of the Superior Court of Madera County. William M. Conley, Judge.

The facts are stated in the opinion of the court.

Drew & Drew, for Petitioners.

BEATTY, C. J.—This is a petition for a writ of mandate to compel the setting of an election contest for trial. It ap-

pears from the petition that certain citizens and electors of the city of Madera instituted a regular proceeding to contest an election by the returns of which it appeared that a majority of the votes were cast in favor of licensing the sale of alcoholic liquors in said city (Stats. of April 4, 1911, p. 599). The respondent in conformity to the provisions of section 1118 of the Code of Civil Procedure, appointed the twenty-third day of July as the date for holding a special session of the court for a hearing of the contest, in pursuance of which order citations were issued and served upon the proper 'parties. At the time so fixed the parties appeared but the respondent, deeming himself disqualified, continued the hearing of the contest to September 11th at which time one of the superior court judges of Los Angeles County had agreed to hear the contest.

In disposing of this petition for the writ we shall assume merely that the facts stated by petitioners therein are true, this being as far as we may go in the absence of any opportunity afforded the respondent to contest them which, of course, would necessarily be the effect of a denial of the petition on the *ex parte* statements contained therein. Assuming then that the facts stated in the petition are true, this order was unauthorized because the statute (Code Civ. Proc., sec. 1121) does not permit a continuance for more than twenty days, and although these provisions are merely directory, and their observance not essential to the jurisdiction of the court to complete the hearing after an unwarranted continuance, it is nevertheless the duty of the court to conform to the law as far as possible. The case as presented would therefore warrant the issuance of the writ of mandate if that course seemed to be necessary for the protection of the rights of the petitioners. But the petition for the writ was only filed here on August 20th, and since the hearing of the contest was already set for September 11th we have concluded that the issuance of an alternative writ, the return to which could not conveniently be heard before the next law day (September 4th), would be of no appreciable advantage to the petitioners and that the emergency is not serious enough to justify such action.

For this reason the petition is denied.

Lorigan, J., Melvin, J., Angellotti, J., and Henshaw, J., concurred.