[L. A. No. 7223. In Bank.—March 14, 1922.]

## J. W. FAWKES, Petitioner, v. CITY OF BURBANK (a Municipal Corporation), et al., Respondents.

[1] MANDAMUS—DISCRETION IN ISSUING.—The issuance of a writ of *mandamus,* even where the technical rules of law authorize it, is to a large extent discretionary with the court.

[2] ID.—MUNICIPAL CORPORATIONS—CONSOLIDATION.—A writ of *mandamus* should not issue to compel the board of trustees of a city to adopt a resolution and call a special election for the purpose of determining the question whether the city shall be consolidated with another city and assume its share of the bonded indebtedness of the latter, it being alleged in the petition that a previous resolution and notice calling for a special election for such purpose were defective, where it appears that the election called by said defective resolution was held and that a large majority of the voters of the city were opposed to consolidation.

APPLICATION for a Writ of Mandamus directed to the trustees of a city to compel the issuance of a new call for a special consolidation election. Writ denied.

The facts are stated in the opinion of the court.

---

2. Enforcement of performance of public duty by *mandamus,* notes, 89 Am. Dec. 728; 28 Am. Rep. 448; 7 Am. St. Rep. 484; 125 Am. St. Rep. 492; Ann. Cas. 1913C, 909.

George P. Cook for Petitioner.

Victor T. Watkins for Respondents.

SHAW, C. J.—This was a proceeding in *mandamus* begun in the second division of the district court of appeal of the second district. The decision by that court was vacated and the cause transferred to this court for rehearing and submitted on the briefs on file, without further argument.

The petition seeks to compel the defendants, constituting the board of trustees and clerk of the city of Burbank, to adopt a resolution and call a special election for the purpose of determining the question whether the city of Burbank shall be consolidated with the city of Los Angeles and assume its share of the bonded indebtedness of the city of Los Angeles.

On September 14, 1920, a petition was filed with the trustees, in pursuance of section 5 of the Municipal Consolidation Act (Stats. 1915, p. 311), signed by not less than one-fourth of the qualified electors of the city of Burbank, asking the board to submit to the electors of the city the question whether such consolidation should be had, and setting forth the several items of the bonded indebtedness of the city of Los Angeles to be proportionately assumed by the inhabitants of the city of Burbank, amounting to over $50,000,000. Thereafter, on October 5, 1920, the trustees adopted a resolution calling for the election prayed for in said petition, to be held on November 16, 1920, and directing the clerk to give the notice accordingly. In pursuance thereof, the clerk proceeded to cause a notice of the election to be published in a newspaper printed in the city of Burbank for a period of four weeks preceding the day of said election. Thereafter, on November 5, 1920, this petition for a writ of mandate was filed, and an alternative writ was issued by the district court of appeal. The petition alleges that the resolution and the notice are both defective in that certain items of bonded indebtedness of the city of Los Angeles, to be assumed by the city of Burbank, are erroneously stated, so that the true amount of indebtedness to be assumed was not given therein, and that for this reason the said resolution and the said notice of election were ineffectual and void. Neither the order for the issuance of the alternative writ

nor the alternative writ itself commanded the officers of the city of Burbank to desist from holding the election pursuant to the notice then being published. They merely ordered said defendants to show cause why a resolution should not be adopted and a notice given conforming to the facts, in compliance with the said petition for the election. The answer of the defendants, filed in the district court of appeal, admitted the alleged inaccuracy in the resolution and notice of election. By a supplemental answer the defendants showed that the election called by the resolution was held at the time required and in accordance with said resolution on the sixteenth day of November, 1920; that at said election 939 votes were cast upon the proposition submitted by the resolution calling the election and the notice thereof as published, and that of said number of votes 92 were in favor of the proposed consolidation, and 847 against said proposed consolidation; that at that time there were in all 1,397 qualified electors in said city entitled to vote at said election; that the petition for the calling of such election was signed by 355 of the qualified voters of said city, and that 249 of said voters who signed the petition voted at said special election.

The facts stated in the supplemental answer are not disputed. It therefore clearly appears that a large majority of the voters of the city of Burbank are opposed to the proposed consolidation. It also appears that of the 355 persons who signed the original petition for consolidation 249 voted at the election, and only 92 persons voted in favor of the consolidation. Assuming that the 92 persons who voted for consolidation were all signers of the original petition, at least 157 changed their minds and voted against consolidation; the result of which would be that not enough were left of the original signers of the petition favorable thereto to make up the one-fourth of the voters required by the statute to make a valid petition.

Assuming, without deciding, that the defects in the resolution and notice of election would make the proceeding void, we nevertheless think that under the circumstances here appearing, the writ of mandate should not issue. [1] The issuance of such writ, even where the technical rules of law authorize it, is to a large extent discretionary with the court. In *Wiedwald* v. *Dodson,* 95 Cal. 453 [30 Pac. 581], the court

188 Cal.—26

had this question under consideration and laid down the rule as follows: "We think the correct doctrine is expressed in High on Extraordinary Legal · Remedies, section 9, where, speaking of *mandamus,* it is said: 'The exercise of the jurisdiction rests, to a considerable extent, in the sound discretion of the court'; and that 'cases may therefore arise where the applicant for relief has an undoubted legal right, for which *mandamus* is the appropriate remedy, but where the court may, in the exercise of a wise discretion, still refuse the relief.'" Several other cases of this court state or apply the same principle. (*Boyne* v. *Ryan,* 100 Cal. 267 [34 Pac. 707]; *Wilson* v. *Blake,* 169 Cal. 454 [Ann Cas. 1916D, 205, 147 Pac. 129]; *Board* v. *San Diego,* 128 Cal. 369 [60 Pac. 976]; *People* v. *Murphy,* 20 Cal. App. 398 [129 Pac. 673]; *French* v. *Senate,* 146 Cal. 604 [2 Ann. Cas. 756, 69 L. R. A. 556, 80 Pac. 1031]; *Moore* v. *Conley,* 163 Cal. 609 [126 Pac. 492].)

[2] If the writ of mandate is denied, and the public sentiment of the city is really in favor of the consolidation, it will require but little expense to secure another petition of one-fourth of the voters and file the same with the board of trustees, whereupon a correct resolution can be adopted and a correct notice of election given ·calling the required election. On the other hand, if the writ is issued, the necessary result will be the incurring of the very considerable expenditure necessary' for the publication of the notice and for the holding of the proposed election. In the face of the very pronounced sentiment against ·consolidation, we do not think the court should proceed to' the length of issuing the writ. If the public sentiment is against it, it is useless to hold an election; and if the persons agitating for consolidation are doing so merely for the purpose of agitation, the court should not lend its aid, in their behalf. The simpler and better method for all concerned is to leave the matter to the qualified electors of the city, to call a new election or not as may be desired.

The writ of mandate is denied.

Sloane, J., Lawlor, J., Wilbur, J., Waste, J., Richards, J., *pro tem.,* and Shurtleff, J., concurred.