[Civ. No. 7329. First Appellate District, Division Two.—February 24, 1930.]

ADELE DUNCAN, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, etc., Respondent.

Clarence A. Linn for Petitioner.

Timothy Healy for Respondent.

STURTEVANT, J.—This is an application for a writ of *mandamus,* directing the defendant to hear and determine a petition asking it to determine the title to an automobile on which the plaintiff had caused a writ of execution to be levied. An order to show cause was issued by this court, the defendant answered and the application was submitted on the pleadings.

In her petition for a writ, the plaintiff alleged that heretofore she obtained a judgment against P. B. Cross and that the judgment has become final; that she caused a writ of execution to issue and to be levied on an automobile; that on October 1, 1929, C. E. Ryan filed with the sheriff a third-party claim; that on October 2, 1929, the sheriff notified this plaintiff that said claim had been filed; that on October 15, 1929, this plaintiff filed a verified petition to have the title to the automobile determined; that the court fixed the date of the hearing on said petition for October 28, 1929, and issued an order to show cause returnable at said time. The defendant's answer admitted those allegations, but, continuing, it alleged that on November 4, 1929, the plaintiff filed an amended petition which was set for "Nov. 13, 1929, and that upon the failure of petitioner to appear at said time, the hearing of said amended petition was continued to Nov. 19, 1929, at which time the petition came on for hearing and the said C. E. Ryan objected to the hearing of said petition and moved the said court to dismiss the petition on the ground that the Superior Court was without jurisdiction; . . . " and that on December 31, 1929, the motion was granted on that ground.

On the argument the defendant called attention to the fact that a continuance was had from November 13, 1929, to November 19, 1929, and that the plaintiff did not appear on November 13, 1929. He also argued that "good cause" was not shown for that continuance and therefore the order made December 31, 1929, dismissing the petition was not improper.

The order putting the hearing over to November 19, 1929, without any showing as to good cause was apparently

in violation of the terms of the statute, but was not in excess of jurisdiction. (*Moore* v. *Conley,* 163 Cal. 609, 610 [126 Pac. 492].)

It therefore becomes necessary to ascertain the general scope of section 689 of the Code of Civil Procedure, as amended at the last session of the legislature (Stats. 1929, p. 661, chap. 341). Formerly that section provided for a trial by a sheriff's jury (Prac. Act, sec. 281). Where the statute was so worded it was held that the proceedings before the sheriff were not judicial and that as the statute assumed to specify its effects, the court would not presume other effects. (*Perkins* v. *Thornburgh,* 10 Cal. 189.) Later the statute was amended authorizing the sheriff to accept and act on a verified claim of an alleged third party. (Stats. 1889, p. 20.) The statute, as so amended, did not purport to do more than provide a method by which the sheriff could lay a basis to protect himself against subsequent suits for damages. (*Kellogg* v. *Burr,* 126 Cal. 38, 42 [58 Pac. 306].) The provisions as so amended, with some slight changes of no importance to the question before us, have ever since remained the law and are continued by the statute as amended. Inserting a number to each paragraph for our own reference, section 689, as amended in 1929, is as follows:

"1. When property claimed by third party; Indemnity. If the property levied on is claimed by a third person as his property by a written claim verified by his oath or that of his agent, setting out his right to the possession thereof, and served upon the sheriff, the sheriff must release the property if the plaintiff, or the person in whose favor the writ of execution runs, fails within five days after written demand, to give the sheriff an undertaking executed by at least two good and sufficient sureties in a sum equal to double the value of the property levied on. If such undertaking be given, the sheriff shall hold the property. The sheriff, however, shall not be liable for damages to any such third person for the taking or keeping of such property if no claim is filed by any such third party.

"2. Such undertaking shall be made in favor of, and shall indemnify such third person against loss, liability, damages, costs and counsel fees, by reason of such seizing, taking, withholding, or sale of such property by the sheriff.

"3. Exceptions to the sufficiency of the sureties and their justification may be had and taken in the same manner as upon an undertaking on attachment. If they, or others in their place, fail to justify at the time and place appointed, the sheriff must release the property; provided, however, that if no exception is taken, within five days after notice of receipt of the undertaking, the third person shall be deemed to have waived any and all objections to the sufficiency of the sureties.

"4. The sheriff may demand and exact the undertaking herein provided for notwithstanding any defect, informality or insufficiency of the verified claim served upon him.

"5. Hearing. Whenever a verified third party claim is served upon the sheriff, upon levy of execution, the plaintiff, or the person in whose favor the writ of execution runs, shall be entitled to a hearing within twenty days therefrom, before the court having jurisdiction of the action, in order to determine title to the property in question, which hearing must be granted by the said court upon the filing of an application or petition therefor. Ten days' notice of such hearing must be given to all parties claiming an interest in the property, or their attorneys, which notice must specify that the hearing is for the purpose of determining title to the property in question. The court may continue the hearing beyond the said twenty-day period, but good cause must be shown for any such continuance."

Paragraphs 1 and 4 are but re-enactments of what was formerly the law. The other paragraphs are new matter. Where property has been levied on it is clear that the third-party claimant may make an attempt to have it released and that such attempt may be fully made and (unless the plaintiff gives the undertaking specified in paragraph 1) effectually accomplished within a period of five days after the levy. Nothing but the execution of the said undertaking will stay the sheriff's hand. If the plaintiff gives the undertaking provided for in paragraph 1 and if he also petitions for a hearing as provided in paragraph 5 important questions as to the legal effect of the hearing will arise which should not be passed on till they have been duly presented in a proper case. If he does not give the undertaking the statute contains no provisions that the sheriff's hand will be stayed nor that he may later retake the property nor

that the court may impound the property until a petition has been heard or that thereafter the court can make any order looking toward the retaking of the property. ▮ Under the facts last stated it is clear that a hearing of such a petition as is provided for in paragraph 5 would be an idle act. But a writ of mandate will not issue to compel the performance of an idle act. (*Boyne* v. *Ryan,* 100 Cal. 265 [34 Pac. 707]; *Moore* v. *Conley,* 163 Cal. 609, 610 [126 Pac. 492]; *Fawkes* v. *City of Burbank,* 188 Cal. 399 [205 Pac. 675].) ▮ The record before us does not show that plaintiffs gave the undertaking and therefore we must assume that the sheriff has released the automobile and, nothing to the contrary appearing, we may further assume that it is no longer within the jurisdiction of the court. We have therefore concluded that the issuance of a writ will be of no appreciable advantage to the petitioners and that the emergency is not serious enough to justify such action. (*Moore* v. *Conley, supra.*)

The writ is denied.

Nourse, Acting P. J., and Dooling, J., *pro tem.,* concurred.