[Civ. No. 9590. Second Appellate District, Division Two.—March 13, 1934.]

CITRUS PACKING COMPANY (a Corporation), Petitioner, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

Leo R. Kasviner for Petitioner.

Everett W. Mattoon and Beach Vasey for Respondents.

CRAIG, J.—The petitioner herein sets forth that in a certain case pending in the Municipal Court of the City of Los Angeles a writ of attachment was secured by the plaintiff and on the 18th of September, 1933, was levied on certain citrus fruits and supplies. On the 19th of September, 1933, the petitioner herein filed a third party claim with the marshal of the Municipal Court, who had levied the writ, and on the same day the latter released said attached property pursuant to a stipulation between the attorney for plaintiff and the attorney for the third party claimant, petitioner herein, to the effect that said property should be released forthwith with the same effect as though the marshal had held the property for the period of five days and had then released it due to the failure of the plaintiff to bond against the third party claim. No order of court was made regarding the property. On the 16th of January, 1934, the plaintiff in that action petitioned the lower court for a hearing to determine title under the provisions of section 689 of the Code of Civil Procedure, and it is for the purpose of testing the jurisdiction of the court to conduct such proceeding under these circumstances that the writ of prohibition is here sought.

Both sides agree that the case of *Duncan* v. *Superior Court*, 104 Cal. App. 218 [285 Pac. 732], is the only decision in this jurisdiction upon the subject which is at all applicable. It appears to us that it is in fact determinative. However, it is a proceeding of a different nature than the instant one. In the Duncan case it was sought to require the superior court by writ of mandate to conduct a hearing under the provisions of the same section, and the gist of the opinion is that to compel such action by the superior court would be, considering the facts of that matter, to require an idle and unnecessary act. There is no indication that the court regarded it as one beyond the jurisdiction of the superior court, but inferentially it must be regarded rather as indicating an opinion that the superior court had jurisdiction, but that, because its exercise would be of no appreciable advantage to the petitioner, a mandate would not be issued by the upper tribunal.

But here we have a municipal court about to proceed to hear evidence and determine title to the property in question. As we have pointed out, the cited case does not hold that the trial court has no jurisdiction to do this, and we are referred to no authority which does so hold. It is elementary that prohibition does not lie where the court has jurisdiction, regardless of whether or not its contemplated action may be erroneous or the unwise use of discretion. We think in this instance the trial court is acting within its jurisdiction.

The writ is discharged.

Stephens, P. J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 10, 1934.