[Civ. No. 9547. First Appellate District, Division Two.—September 21, 1934.]

JOSEPH DeBRINCAT, Petitioner, v. E. P. MOGAN, as Judge of the Superior Court, etc., et al., Respondents.

John J. Taheny, R. A. Purvis and Varnum Paul for Petitioner.

Hugh K. McKevitt for Respondents.

NOURSE, P. J.—This is an original proceeding in *mandamus*. The petitioner and one Whitfield, both residents of the city and county of San Francisco, were involved in a collision in San Mateo County from which both claimed damages. On February 9, 1934, a complaint was filed by

Whitfield in the Superior Court of San Francisco seeking damages from petitioner. On February 13, 1934, petitioner filed a complaint in the Superior Court in San Mateo County seeking damages from Whitfield. Summons was served in the latter case on the same day. In the former case summons was served on February 17th. Thereafter petitioner applied to the Superior Court in San Francisco for an order staying proceedings in the Whitfield case on the ground that exclusive jurisdiction rested with the Superior Court in San Mateo County since service of process had first been made in the proceeding commenced in that county. This motion was denied and the petitioner seeks a writ of mandate to stay such proceedings.

After denial of the motion here involved Whitfield applied to the Superior Court in San Mateo County for a similar order staying the proceedings pending in that court. This motion was granted and this is the subject of the second proceeding, against the San Mateo court, numbered 9563, and hereafter determined. (*DeBrincat* v. *Swart, post,* p. 756 [36 Pac. (2d) 247].)

The concurrent jurisdiction of the two courts in the first instance is conceded. (Sec. 395, Code Civ. Proc.) The single question urged by petitioner is whether as between two courts having concurrent jurisdiction of the subject matter of a cause of action *in personam* exclusive jurisdiction of the cause attaches to the court in which the service of process was first made or to the court in which the complaint was first filed.

The interest in the question has been aroused by the recent decision in *Todhunter* v. *Smith,* 219 Cal. 690 [28 Pac. (2d) 916], holding that a collision of this character is a "transaction" within the meaning of section 439 of the Code of Civil Procedure providing that if a defendant omits to set up a counterclaim upon a cause arising out of the transaction pleaded in the complaint he cannot afterwards maintain an action against the plaintiff therefor.

The question is one of first impression in this state. Proceedings under the Probate Code are not helpful because it is there provided that the court in which a petition for letters has first been filed shall have exclusive jurisdiction of the administration of the estate. (Sec. 301, subd. 3.) Actions *in rem* involving specific property or objects are

controlled by the rule that exclusive jurisdiction attaches to the court where jurisdiction over the *res* was first acquired. (15 C. J., p. 1161.) But we have found no authority in this state holding which of two courts having concurrent jurisdiction of actions *in personam* acquires exclusive jurisdiction of the litigation.

By the terms of section 416 of the Code of Civil Procedure a court is deemed to have acquired jurisdiction of the parties from the time of the service of the summons and a copy of the complaint and thereafter has "control of all the subsequent proceedings". The jurisdiction thus acquired relates back to the filing of the complaint. (*Gardiner* v. *Royer*, 167 Cal. 238, 244 [139 Pac. 75].) Process having been served in the action commenced in the San Francisco court before the motion to suspend was made, that court had jurisdiction of the parties at that time; but the court sitting in San Mateo County also had jurisdiction of the same controversy.

Throughout the decisions we find the expression that "the court which first acquires jurisdiction, . . . retains its jurisdiction and may dispose of the whole controversy". (15 C. J., p. 1134, and cases cited in note 58; 7 R. C. L., p. 1067.) In *United States* v. *Lee,* 84 Fed. 626, Judge Wellborn has made an exhaustive review of the authorities involving actions *in personam* and concludes that "the unbroken current of authorities is to the effect that priority of jurisdiction is determined by the date of the service of process" (see p. 631, and cases cited).

Our conclusion is therefore that in actions of this character the court in which process is first served has jurisdiction over the whole litigation and has full power to require the parties to come into that court for a complete adjudication of the controversy.

But it does not follow from this that the writ of mandate should issue. This writ is ordinarily one of discretion and does not issue as a matter of absolute right when not necessary to prevent an injustice to the parties. (*Gay* v. *Torrance,* 145 Cal. 144, 147 [78 Pac. 540]; *Fawkes* v. *City of Burbank,* 188 Cal. 399, 402 [205 Pac. 675]; *Williams* v. *City of Stockton,* 195 Cal. 743, 749 [235 Pac. 986].)

Here the showing is that both parties reside in San

Francisco; that but four days elapsed between the service of process in both cases, and no proceedings detrimental to the petitioner have been taken in either case; and that the entire controversy may be determined in the San Francisco court without prejudice to either side. Hence, though the court in San Mateo County had full power to assume jurisdiction over the whole controversy, we cannot say that, under the circumstances here shown, it abused its discretion in refusing to do so. Conversely, until full jurisdiction was assumed by the San Mateo court, the San Francisco court had jurisdiction to proceed with the trial.

The petition is denied and the alternative writ is discharged.

Sturtevant, J., and Spence, J., concurred.