[Civ. No. 21223. Second Dist., Div. One. Dec. 9, 1955.]

KENNETH M. KIRK, Appellant, v. BERT A. RUTHERFORD et al., Respondents.

Snyder & Fletcher and Owen E. O'Neil for Appellant.

Robert M. Fisk for Respondents.

WHITE, P. J.—Plaintiff was awarded judgment for personal injuries and property damages incurred in a collision of plaintiff's automobile with one owned by one of the defendants and driven by the other defendant, his minor son. After service of summons on the minor defendant, who was then

over 14 years old, and no appearance by him, on plaintiff's motion Richard P. B. Tyson was appointed guardian *ad litem* of said minor defendant. Tyson's motion to be relieved of the guardianship was opposed by plaintiff and denied by the court. He appeared and defended. No appeal has been taken from the judgment. It is not in the record on the instant appeal, nor does the date of its entry appear.

A minute order, made February 24, entered February 28, 1955, and reading as follows: "In the matter of the manner or method of paying the fee of the Guardian ad Litem herein, heretofore fixed in the sum of $225.00 on January 20, 1955, plaintiff is ordered to pay said fees as follows: $50.00 forthwith, $50 on March 15, 1955, and the balance on or before April 1, 1955," is the order from which the instant appeal was taken.

On March 4, 1955, the guardian *ad litem's* motion to tax costs was heard and, pursuant to stipulation between the parties in open court, a $25 fee for an expert witness was stricken therefrom and "fees of Guardian ad Litem in the sum of $225.00" was added to plaintiff's cost bill. The court then made its order to that effect and correcting the judgment theretofore entered so that plaintiff's costs taxed therein be $283.20 instead of $83.20. Written order was made and filed March 9, 1955, and entered March 28, 1955. No appeal has been taken from that order.

Respondent's contention is that, when plaintiff moved on March 4th that his cost bill and the judgment be amended to include the fee required to be paid by him under the provisions of the minute order of February 24th, he sought and accepted the only benefit that could accrue to him under that order, and thereby he waived his right to appeal therefrom. There having been no appeal from the judgment as corrected to include the amount of such fee, it is obvious that, if the minute order from which the instant appeal was taken should be reversed, plaintiff's said judgment would then include $225 costs not paid by him.

■ We agree, for slightly different reasons, that appellant has estopped himself to appeal from the order of February 24th. When he relied upon it as a basis for procuring the inclusion in his cost bill and judgment of a recognition of a right to collect the guardian's fee from defendant he precluded himself from thereafter taking an inconsistent position and denying his obligation to pay the taxed item. ■ To quote *Schulze* v. *Schulze,* 121 Cal.App.2d 75, 83 [262 P.2d

646] : "The defendant may not play fast and loose with the court in this fashion. He cannot in one breath say the judgment is valid,—obtain relief thereby; and in the next, say it is invalid. . . . One to whom two inconsistent courses of action are open and who elects to pursue one of them is afterward precluded from pursuing the other." And to quote from *Alexander* v. *Hammarberg*, 103 Cal.App.2d 872, 879 [230 P.2d 399] : "These two positions are entirely inconsistent. The courts will not recognize or tolerate such tactics. A party cannot thus 'blow hot and cold.' (*McDanels* v. *General Ins. Co.*, 1 Cal.App.2d 454, 459 [35 P.2d 394, 36 P.2d 829] ; *Chaquette* v. *Ortet*, 60 Cal. 594, 600.) The courts would be impotent indeed if they were compelled to approve such duplicity. Under elementary principles, even if the point were sound, which it is not, Hammarberg has waived or is estopped from successfully urging it." By his motion to have the $225 included in his memorandum of costs and in the judgment as corrected, plaintiff effectively waived his right to appeal from the minute order requiring him to pay the fee of the guardian ad litem.

Appellant's statement in his Reply Brief that ". . . if the court's order should be reversed . . . he would not even hope to support any attempt to collect it from respondent" does not alter the situation. (*Schubert* v. *Reich*, 36 Cal.2d 298, 300 [223 P.2d 242].)

Because appellant's right to prosecute this appeal had been waived, we have not considered the questions raised by him as to the court's right to assess the fees due the guardian *ad litem* of a minor defendant (possibly insolvent and whereabouts unknown) against a successful plaintiff, at whose instance the guardian was appointed and retained.

The appeal is dismissed.

Doran, J., and Ashburn, J. pro tem.,* concurred.

A petition for a rehearing was denied December 30, 1955, and appellant's petition for a hearing by the Supreme Court was denied February 1, 1956.

---

*Assigned by Chairman of Judicial Council.