[Civ. No. 6220.   Fourth Dist.   Mar. 20, 1959.]

SERGE SAN MARTIN, Petitioner, v. SUPERIOR COURT OF COUNTY OF SAN BERNARDINO, Respondent; CAROLE JEAN SAN MARTIN, Real Party in Interest.

David Horn for Petitioner.

No appearance for Respondent.

Richard J. Weller for Real Party in Interest.

GRIFFIN, P. J.—Petitioner, Serge San Martin, claimed husband of Carole Jean San Martin, aged 17, real party in interest, filed this petition for writ of prohibition against respondent court to forever restrain it and Carole (through her guardian *ad litem*) from taking any further proceedings in said court involving the action for annulment filed therein on September 30, 1958, by Carole. The grounds of annulment are alleged to be on account of her being married under the age of consent. It appears that on the same day, September 30, 1958, petitioner filed an action for separate maintenance against Carole in Los Angeles County, alleging that the parties were married in Las Vegas, Nevada, on March 5, 1958. A copy of the summons in the Los Angeles action was served on Carole at Fontana, in San Bernardino County on November 2, 1958, and summons was issued out of the San Bernardino court in that action, and was served on petitioner in Los Angeles County on December 6, 1958. An order to show cause why petitioner should not pay her attorney's fees, costs and support money and why custody of the minor child should not be awarded to her was, at the same time, issued out of the San Bernardino court and served on petitioner. It was noticed for hearing on December 9, 1958. Petitioner's attorney appeared at that time in San Bernardino County and it was there stipulated between respective counsel that the San Bernardino court might make its order, in the agreed amounts and in reference to custody of the minor child and its support, including attorney's fees and costs. Such an order was made on December 18, 1958, and it became final.

On December 18th, petitioner appeared in the San Bernardino County action and moved for an order abating the proceedings therein and dismissing the action on the ground that the Los Angeles court first obtained jurisdiction of the subject matter set forth in the San Bernardino action and thereby it obtained exclusive jurisdiction to adjudicate said controversy because the wife was served first with summons and complaint. No affidavits were filed in opposition to said motion. It was heard on December 24, 1958, and on December 30, it was denied with the following notation: "The existence of the

order *pendente lite* to which defendant stipulated gives this action priority.''

It appears from the petition herein filed that since the making of the order in San Bernardino denying the motion to abate, Carole filed an answer to the complaint for separate maintenance in Los Angeles County, and also filed a cross-complaint for annulment; that petitioner here filed in San Bernardino County an answer to the complaint for annulment and also a cross-complaint for separate maintenance. The respective dates of these filings are not indicated. It does not appear that Carole sought attorney's fees, costs, or temporary custody of the child in the Los Angeles action.

An order to show cause why the writ should not issue was duly issued by this court and a date set for hearing. There was no appearance of respondent court or the real party in interest and no reply was made to said order. It was submitted for decision on the records on file.

The chief contention of petitioner is that where several courts have concurrent jurisdiction over a certain type of proceeding the first one to assume and exercise such jurisdiction in a particular case acquires exclusive jurisdiction; that thereafter another court, although it might originally have taken jurisdiction, is wholly without power to interfere, and may be restrained by prohibition, citing *Browne* v. *Superior Court*, 16 Cal.2d 593, 597 [107 P.2d 1, 131 A.L.R. 276]; and *Gorman* v. *Superior Court*, 23 Cal.App.2d 173 [72 P.2d 774]; that the county in which the action was filed and where summons is first served thereby assumes jurisdiction of the entire controversy, and the action in the other county is subject to abatement, citing *Burch* v. *Slamin*, 137 Cal.App. 2d 1, 3 [289 P.2d 498].

█ The general test applied to determine the identity or nonidentity of causes of action is the rule that where the claim sued on in the second action is such that a final judgment in the first one could be pleaded in bar as a former adjudication, the actions are substantially identical. (*Lord* v. *Garland*, 27 Cal.2d 840, 848 [168 P.2d 5].) █ A decree of separate maintenance might be pleaded in bar of a later suit for annulment since it necessarily includes a determination that a valid marriage exists. (*Garcia* v. *Garcia*, 148 Cal. App.2d 147 [306 P.2d 80].) █ However, there is authority holding that an action by a wife for divorce on the grounds of nonsupport is not for the same cause and is not abated by the husband's prior pending action for annulment on the

ground of duress. (*Simpson* v. *Simpson*, 5 Cal.Unrep. 139 [41 P. 804].)

At the time petitioner's motion was presented to the San Bernardino court it might have been represented that the parties did not occupy the same relative positions as plaintiff and defendant in the two actions. (1 Cal.Jur.2d, Abatement and Revival, 48, 50, § 21.) This question may be eliminated by the filing of the cross-complaint in the two actions. (*Western Pipe & Steel Co.* v. *Tuolumne etc. Corp.*, 63 Cal.App.2d 21 [146 P.2d 61].)

█ To preclude unnecessary relitigation of this issue we prefer to base our decision on a third objection which we believe justified the retention of said action in the San Bernardino Superior Court. Petitioner submitted to the jurisdiction of that court and stipulated that the respondent court could enter a pendente lite order fixing custody, attorney's fees and support payments. He thereafter filed a cross-complaint requesting the respondent court to grant him a decree of separate maintenance. Petitioner is not in a position to question the finality of the support and custody order, or to avoid its effect by now moving to abate it or the action upon which the order was made.

In *DeBrincat* v. *Mogan*, 1 Cal.App.2d 7 [36 P.2d 245], a somewhat similar situation arose. There concurrent jurisdiction of the action was in San Francisco and San Mateo Counties. Service of summons was first had in the San Mateo action. Thereafter, petitioner DeBrincat applied to the Superior Court of San Francisco County for an order staying proceedings in that county since service of summons had first been made in the action in San Mateo County. After denial of that motion Whitfield applied for a similar stay of proceedings in the San Mateo court. That motion was granted. (See *DeBrincat* v. *Swart*, 1 Cal.App.2d 756 [36 P.2d 247].) In denying the writ in *DeBrincat* v. *Mogan, supra,* seeking to stay proceedings in the San Francisco court, the appellate court cites the general expression in the several decisions to the effect that "the court which first acquires jurisdiction retains its jurisdiction and may dispose of the whole controversy"; and that "in actions of this character the court in which process is first served has jurisdiction over the whole litigation and has full power to require the parties to come into that court for a complete adjudication of the controversy. However, it held that it does not follow from this that the writ of mandate should issue. It said: "This writ is

ordinarily one of discretion and does not issue as a matter of absolute right when not necessary to prevent an injustice to the parties.'' (Citing cases.) ''Here the showing is that both parties reside in San Francisco; that but four days elapsed between the service of process in both cases, and no proceedings detrimental to the petitioner have been taken in either case; and that the entire controversy may be determined in the San Francisco court without prejudice to either side. Hence, though the court in San Mateo County had full power to assume jurisdiction over the whole controversy, we cannot say that, under the circumstances here shown, it abused its discretion in refusing to do so. Conversely, until *full* jurisdiction was assumed by the San Mateo court, the San Francisco court had jurisdiction to proceed with the trial.'' (Italics ours.)

In the instant case it does not appear that the Los Angeles court assumed full jurisdiction for the purpose of trial; and that an injustice would result if, by the issuance of this writ, the order fixing attorneys' fees and costs of trial in that court would be set aside. It does not appear that a trial in that county would operate as an injustice to the respective parties. We therefore conclude that the Superior Court of San Bernardino County has jurisdiction to hear the entire cause.

In *Harlan* v. *Harlan,* 70 Cal.App.2d 657 [161 P.2d 490], the court said: ''. . . one who has invoked the exercise of a jurisdiction within the general powers of the court cannot seek to reverse its orders, upon the ground of lack of jurisdiction. The principle opposing such action is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of but merely closes the mouth of the complainant.''

See also *Kirk* v. *Rutherford,* 137 Cal.App.2d 681 [290 P.2d 883]; and *Schulze* v. *Schulze,* 121 Cal.App.2d 75 [262 P.2d 646], where it is said: ''Having relied on the validity of the judgment of divorce on the first motion, he is estopped from thereafter claiming it is void. One to whom two inconsistent causes of action are open and who elects to pursue one of them is afterward precluded from pursuing the other.''

■ A plea in abatement is dilatory in nature and not favored and grounds for abatement may be waived. (*Kadota Fig Assn.* v. *Case-Swayne Co.,* 73 Cal.App.2d 796 [167 P.2d 518]; 1 Cal.Jur.2d, Abatement and Revival, § 49, p. 78.)

Thus, although equity abhors a multiplicity of suits, in this case we are not disposed to restrain the respondent court from continuing to exercise jurisdiction over the action therein filed by the wife in which action the husband has submitted to the jurisdiction of that court, and stipulated therein that an order may be issued for the payment of attorneys' fees and costs for the wife, which sum was apparently ordered for the trial of the action in that county, particularly where a cross-complaint has been filed therein seeking affirmative relief.

Writ denied.

Mussell, J., and Shepard, J., concurred.