[Civ. No. 21874.   First Dist., Div. Two.   May 18, 1964.]

TORREY PINES INN, INC., et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; ALTA ENGINEERING ASSOCIATES, Real Party in Interest.

Pelton, Gunther & Gudmundson, James M. Mitchell and Charles E. Goff for Petitioners.

No appearance for Respondent.

Schroth & Salerno, Severson, Zang, Werson, Berke & Larson and Ernest Y. Sevier for Real Party in Interest.

AGEE, J.—The petitioners, Torrey Pines Inn et al., seek a writ of mandate directed to the Superior Court in and for the City and County of San Francisco requiring it to enter its order quashing the service of summons in action number 537619 pending in said court.

This action was commenced on November 7, 1963, by Alta Engineering Associates against petitioners for money allegedly due for engineering services rendered in connection with the construction of a motel at La Jolla, San Diego County, California. A copy of summons and complaint was personally served upon petitioner Frank J. Jackson, Jr. on November 15, 1963.

On November 12, 1963, petitioner, Torrey Pines Inn, commenced an action in the Superior Court in and for the County of San Diego against Alta Engineering Associates and two of its employees Waegemann and Enomoto, for damages for alleged malpractice in connection with said engineering services. A copy of summons and complaint was personally served on Enomoto on November 12, 1963.

The respective causes of action pleaded in the two actions arise out of the same transaction and involve the same subject matter and each is a compulsory counterclaim as against the other. (Code Civ. Proc., § 439.) The parties herein concede the concurrent *subject matter* jurisdiction of the two courts in the first instance. The issue is which one has priority of jurisdiction over the *parties* and the present exclusive control of the entire controversy.

Section 416 of the Code of Civil Procedure provides that "From the time of the service of the summons and of a copy of the complaint in a civil action, . . . the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings."*

Section 416.1 of the Code of Civil Procedure provides that "Any defendant . . . upon whom service of summons has been made may serve and file . . . a notice of motion to quash the service of summons, upon the ground of lack of jurisdiction of the court over him." Such a motion was filed in the San Francisco action by the defendants therein (who are the petitioners herein) on November 26, 1963. The motion was based upon the fact that summons and complaint in the San Diego action were served upon a defendant therein (Eno-

---

· *This section further provides that "The voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him." This provision is not involved herein.

moto) before summons and complaint in the San Francisco action were served upon a defendant therein (Jackson, Jr.). This motion was heard and denied on January 23, 1964.

Section 416.3 of the Code of Civil Procedure provides that "If a motion of a defendant ... to quash service of summons, as provided in section 416.1 of this code, is denied by the court, he may ... petition an appropriate appellate court for a writ of mandate directed to the court wherein the action or proceeding is pending requiring the entry of its order quashing the service of summons." Such petition was filed in this court on February 17, 1964.

The order denying petitioners' motion to quash the service of summons in the San Francisco action concludes that "this court [San Francisco Superior Court] first acquired the exclusive jurisdiction of the subject matter of this action by virtue of the levy of attachment issued on November 7, 1963 and levied [on a bank account] November 8, 1963."

We think that the lower court was in error in giving this effect to the levy of the attachment. ■ Section 416 of the Code of Civil Procedure provides that the court which acquires jurisdiction of the *parties* in the manner therein prescribed, i.e., "service of the summons and of a copy of the complaint," is thereby vested with "control of all the subsequent proceedings."

The effect of this is that such court acquires exclusive jurisdiction of the subject matter of the controversy as well as of the parties.

■ In *Burch* v. *Slamin,* 137 Cal.App.2d 1 [289 P.2d 498], Mr. Justice Dooling stated: "Where complaints are filed in two counties involving the same subject of action the county in which summons is first served acquires jurisdiction of the entire controversy. . . ."

In *M. H. Golden Constr. Co.* v. *Superior Court,* 98 Cal. App.2d 811 [221 P.2d 218], the jurisdictional conflict involved an action filed in Imperial County on March 20, 1950, and one filed in San Diego County on April 17, 1950. The summons in the San Diego action was served three days before service of the summons in the Imperial action was made. The court said: "The summons in the San Diego action having been served prior to that issued in Imperial County, the San Diego court first acquired jurisdiction of the controversy involved in the two actions before us and may dispose of the whole thereof. (*DeBrincat* v. *Mogan,* 1 Cal.App.2d 7,

10 [36 P.2d 245]; *Gorman* v. *Superior Court,* 23 Cal.App.2d 173, 177 [72 P.2d 774].)"

There is no logical reason in the instant case to accord to the levy of the attachment the same effect as section 416 accords to the service of summons and complaint. Both actions are in personam and the bank account which was attached is not a res involved in the issues raised by the pleadings.

No contention is made that any of the parties could not be personally served with summons and complaint. The writ of attachment was not used for the purpose of obtaining jurisdiction quasi in rem. It was merely an ancillary remedy to aid in the collection of a money demand by attachment of personal property in advance of trial and judgment.

The record before us indicates that the San Diego Superior Court, unless otherwise directed, intends to and will exercise jurisdiction over the entire subject matter of the controversy and the parties thereto. Thus we do not have the situation presented in *DeBrincat* v. *Mogan,* 1 Cal.App.2d 7 [36 P.2d 245], wherein the court entitled thereto refused to assume jurisdiction of the entire controversy because of the factual situation. This refusal was upheld because of the equities involved.

Here the entire controversy is centered upon the construction of a motel in San Diego County and we do not see any good reason to make an exception to the application of section 416 of the Code of Civil Procedure.

Let a peremptory writ of mandate issue to the respondent court requiring it to enter its order quashing service of summons made or which may be made in action number 537619 of that court.

Shoemaker, P. J., and Taylor, J., concurred.